IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENDTRAND GLOBAL SERVICES S.A., RUNNER LLC and ALEXANDER KAPLIN<br><br>Plaintiffs,<br><br>v.<br><br>DANIEL SILVERS,<br><br>Defendant. | Case No: 21-CV-4684 |

**DEFENDANT DANIEL SILVERS MOTION TO DISQUALIFY AND FOR SANCTIONS**

  Defendant Daniel Silvers ("Silvers"), by and through his undersigned counsel, respectfully moves the Court for an order disqualifying Gene Edward Hook pursuant to Rules of Professional Conduct 1.9 and 1.10 and sanctioning Svetlana Kaplina and pursuant to 28 U.S.C. § 1927:

  1. On January 18, 2022, this Court granted Defendant's Motion to Disqualify Svetlana Kaplina based on the representation violating Rule of Professional Conduct 1.9. (Dkt # 11)

  2. On May 11, 2022, after much back and forth and delay Gene Hook, who shares the same address as Kaplina, entered an appearance on behalf of Plaintiffs.

  3. On May 11, 2022, Hook untimely filed a Response to the Motion to Dismiss. (Dkt # 19)

  4. The meta data in the document submitted by Hook demonstrated that the document was created by Kaplina. (Declaration of Loftus attached hereto as Exhibit "A")

  5. The properties of the document clearly indicate it was drafted by "SKaplina" and created on May 10, 2022 at 3:51 p.m. and modified on May 11, 2022 at 4:34pm.[1]

---

[1] This can be viewed by the Court's staff in the ECF filing by simply selecting "properties" once opened in Adobe.

6. Kaplina apparently drafting a brief on behalf of Hook is a pernicious violation of this Court's order and violation of ethical duties as discussed in the Motion to Disqualify (Dkt # 11 incorporated herein).

7. 28 U.S.C. § 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

8.  Section 1927 sanctions redress a lawyer's "objective bad faith." *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1081-82 (7th Cir. 2018) (*quoting Hunt v. Moore Bros., Inc.*, 861 F.3d 655, 659 (7th Cir. 2017)). A lawyer demonstrates objective bad faith if he or she "pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Id*. at 1082 (*quoting Boyer v. BNSF Ry. Co*., 824 F.3d 694, 708, modified on other grounds on reh'g, 832 F.3d 699 (7th Cir. 2016)).

9. Kaplina's conduct of apparently ghostwriting a brief after being disqualified is the epitome of "objective bad faith" and a continued violation of Rule 1.9.

10. What's more Mr. Hook has not appeared in this Court for ten years! Plainly of the 90,000 lawyers in Illinois Mr. Hook was not chosen based on his experience on such matters and instead based on his closeness to Kaplina.

11. Furthermore, putting aside the conduct of Kaplina for now, the facts make clear that Hook must also be also be disqualified because he shares the same office and one would assume Kaplina will claim he shares the same computer as her (this is slightly less egregious than admitting to drafting the brief after being disqualified although it's hard to believe).

12. Assuming, *arguendo,* this wasn't a willful and conterminous attempt to avoid this Court's Order, at the very least it demonstrates that Kaplina and Hook are sharing a computer and acting as if they are in the same firm working from the same office with no screening in place.

13. Hook's representation of Plaintiff violates Model Rule 1.10. Rule 1.10(e) is applicable here and provides: "When a lawyer becomes associated with a firm, no lawyer associated in the firm shall knowingly represent a person in a matter in which that lawyer is disqualified under Rule 1.9 unless the personally disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom."

14. Hook's apparent sharing of a computer and an office with Kaplina warrants the same disqualification as Kaplina.

15. Disqualification of Hook is the only way to, "ensure not only the reality but the appearance of propriety, maintenance of the public trust, and safeguard the privacy of the attorney-client relationship." *Medgyesy v. Medgyesy*, 988 F. Supp. 2d 843, 849–50 (N.D. Ill. 2013).

**CONCLUSION**

Based on the foregoing, the Defendant respectfully asks this Court to disqualify Mr. Hook from representing Plaintiffs in this matter, strike Defendant's Response Brief, dismiss the Complaint with prejudice, order Kaplina to pay all of Silver's fees incurred in defense of this matter, and provide any other relief this Court deems just and proper.

Dated May 11, 2022                                    Respectfully submitted,

                                                      **DANIEL SILVERS,**
                                                      Defendant

                                                      By:      /s/*Alexander N. Loftus*
                                                               One of His Attorneys

Alexander Loftus, Esq.
David Eisenberg, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark St., Suite 1600
Chicago, Illinois 60601
T: 312.899.6625
C: 312.772.5396
alex@loftusandeisenberg.com
david@loftusandeisenberg.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENDTRAND GLOBAL SERVICES S.A., RUNNER LLC and ALEXANDER KAPLIN <br><br> Plaintiffs, <br><br> v. <br><br> DANIEL SILVERS, <br><br> Defendant. | Case No: 21-CV-4684 |

## AFFIDAVIT OF ALEXANDER LOFTUS

I, Alexander Loftus, hereby declare pursuant to 28 U.S.C. § 1746:

1. I am over 18 years of age and competent to testify to the matters set forth below, of which I have personal knowledge.

2. On May 11, 2022, I called Mr. Hook after he emailed me a copy of the brief and explained to him the grave consequences of filing a brief ghostwritten by Kaplina, he did not deny anything I said and promptly ended the call, several hours later the same brief with the same meta data was filed.

3. I reviewed this Court's ECF system and confirmed that Gene Hook has not appeared in a case since 2012 and has only ever appeared in four cases in this Court.

4. While their appearances do not reflect this, the Response Brief provides that Hook's address is 401 S LaSalle St., Suite 1600, Chicago, Illinois and Kaplina's address indicated on Super Lawyers and several other online listings is also 401 S LaSalle St., Suite 1600, Chicago, Illinois.

5. Below is a true and accurate screen shot of the meta data for the Response Brief (Dkt # 19) indicating that Svetlana Kaplina is the author of the document.



6. Below is a true and accurate screen shot of the meta data for the Complaint (Dkt # 1) indicating that Svetlana Kaplina is the author of the document in the same form as the brief purportedly authored by Hook.



7. The properties of the documents filed can be viewed by the Court in the same way I did as depicted in the screen shots and is true with most any document filed in ECF. This may be new to the Court so below another example to explain the simplicity of how meta data indicates whose computer created the document.

8. By way of example as to how the meta data works. Below is a screenshot of a PDF the undersigned filed in another matter recently:

```
Document Properties
  Description  Security  Fonts  Initial View  Custom  Advanced

Description
         File:  Scarlet-Reply in support of Motion to Dismiss (1).pdf
        Title:  Scarlett-reply in support of Motion to Dismiss
       Author:  Alexander Loftus
      Subject:
     Keywords:

      Created:  3/16/22, 6:19:49 PM                    Additional Metadata...
     Modified:  3/17/22, 9:38:31 AM
  Application:  Aspose Ltd.

Advanced
  PDF Producer:  Aspose.PDF for .NET 21.1
   PDF Version:  1.3 (Acrobat 4.x)
      Location:  /Users/ALoftus/Downloads/
      File Size:  131.43 KB (134,585 Bytes)
     Page Size:  8.50 x 11.00 in          Number of Pages:  5
    Tagged PDF:  No                         Fast Web View:  No

  Help                                           Cancel    OK
```

Dated: May 11, 2022                 _____*/s/Alexander N. Loftus*_____
                                              Alexander Loftus