UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bendtrand Global Services S.A., Runner Runner LLC and Alexander Kaplin | ) ) ) | |
| Plaintiffs | ) ) | Case No. 21-CV-4684 |
| v. | ) ) | |
| Daniel Silvers | ) ) | |
| Defendant | ) | |

### PLAINTIFFS' MOTION FOR SANCTIONS UNDER RULE 11

Plaintiffs, Bendtrand Global Services S.A., Runner Runner LLC and Alexander Kaplin, by and through their attorney, Gene Hook Jr., submit this Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure and in support thereof state as follows:

### INTRODUCTION

The Plaintiffs are seeking sanctions based on the Defendant and his counsel conduct in filing a Motion to Disqualify and for Sanctions (the "Motion"), filed on May 11, 2022. Defendant's counsel, Alexander Loftus, signed and filed the Motion without making a reasonable inquiry into the facts supporting the allegations included therein. Even after the Plaintiffs brought this fact to Mr. Loftus' attention in their response to the Motion and warned Mr. Loftus that the Plaintiffs may seek Rule 11 sanctions, the Motion was not withdrawn, and Mr. Loftus persisted in his course of action. Such unwarranted pursuit is precisely the kind of behavior Rule 11 seeks to deter. *Burda v. M. Ecker Co.*, 2 F.3d 769, 775–76 (7th Cir. 1993).

### FACTUAL BACKGROUND

On or about May 10th, 2022, the Plaintiffs were required to file a response to the Defendant's motion to dismiss (the "Response"). The Plaintiffs' counsel was unable to file the Response on that date due to technical difficulties. As such, on May 11th, he emailed the Response to Mr. Loftus,

explaining the problem. Apparently, Mr. Loftus examined the metadata of the Response, and discovered that the metadata contained the name of the Plaintiff's prior counsel, Svetlana Kaplina. Without asking any questions, and with no attempt to have a civil discussion, Mr. Loftus called the Plaintiffs' counsel shouting threats. A few hours later, Mr. Loftus filed the Motion, which contained inaccurate and unverified statements.

## LEGAL STANDARD

Rule 11(b) of the Federal Rules of Civil Procedure, in relevant part, provides that by "presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances… it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed.R.Civ.P. 11(b). Rule 11 imposes an affirmative duty on the signer to conduct a reasonable inquiry into the facts to ensure that the pleading is well-grounded. Failure to comply with Rule 11 allows the court to impose appropriate sanctions. Fed.R.Civ.P. 11(b-c). "The central goal of Rule 11 is to deter abusive litigation practices." *Corley v. Rosewood Care Ctr., Inc.*, 388 F.3d 990, 1013 (7th Cir. 2004).

I. **Defendant and his Counsel Violated Rule 11 when they Signed and Filed the Motion**

In the Motion, Mr. Loftus sought disqualification of the Plaintiffs' current counsel, Gene Hook ("Hook"). In support of his request, Mr. Loftus asserted that Hook shared an office with the Plaintiffs' former counsel, Svetlana Kaplina ("Kaplina"), who had been disqualified due to a conflict of interest. Mot. ¶ 11. According to the Motion, Kaplina and Hook shared a computer and acted as though they worked out of the same office, with no screening in place. Mot. ¶ 12.

These statements were false. Hook and Kaplina never shared an office, never shared a computer, and their law firms were never affiliated in any way. Kaplina Aff., ¶¶ 14-16 [Dkt. 23-1]. Kaplina and her business partner did have an office in the same building as Hook's office for about one

year, but they moved out of the building in or about September, 2013. *Id.*

When they were in the same building 9 years ago, Kaplina and Hook occupied different suites. *Id.* Even though this fact should have been clear to Mr. Loftus, based on the "online listings" he had consulted, he omitted the fact in an affidavit he signed and filed with the Court in support of the Motion, falsely stating that Hook and Kaplina's addresses were identical. Mot., Loftus Aff., ¶ 4.

Another inaccurate (and uninvestigated) allegation asserted in the Motion was that Kaplina "ghostwrote" the Response, in violation of the Court's order. As the Plaintiffs explained in other filings, Kaplina prepared a draft of the Response before she was disqualified. While Kaplina's name in the metadata may have been a potential cause for concern, a reasonable attorney would have contacted the opposing counsel, seeking explanation. Another reasonable thing to do would have been to contact Kaplina. Yet, Mr. Loftus did not conduct any such inquiry and filed the Motion instead.

It is noteworthy that Mr. Loftus filed the Motion on the same day he received the Response from the Plaintiffs and examined the metadata. This short time frame further indicates that no reasonable inquiry was made. Even after Mr. Loftus was notified that the facts asserted in the Motion were inaccurate, and after the Plaintiffs warned Mr. Loftus that they may seek Rule 11 sanctions, Mr. Loftus did not withdraw the Motion and persisted in his course of action, vexatiously multiplying the proceedings.

In deciding on appropriateness of sanctions here, the Court should also take into consideration the fact that Mr. Loftus has been recently sanctioned by a federal judge in another case for "shockingly unprofessional conduct." *Mgmt. Registry, Inc. v. A.W. Companies, Inc.*, 2020 WL 1910589, at *10 (D. Minn., 2020). Mr. Loftus' conduct in that case included: filing "wholly unnecessary and unreasonable submissions," engaging in acts that were "an intentional or reckless disregard" of his duties as an officer of the court, failure and refusal to comply with the court's orders, misrepresentations, "an astonishing demonstration of arrogant petulance," and demonstration of "persistent disrespect" for the court's authority. *Id.* at *18. According to the court, Mr. Loftus' behavior was designed to vexatiously

multiply the proceedings for no legitimate purpose and to cause the other party to incur attorney's fees unnecessarily. *Id.*

Another fact that the Court should consider, and the one that speaks to Mr. Loftus' indifference to professional ethics, is his statement that "ARDC does not issue advisory opinions by phone." (Reply in Support of Mot.) [Dkt. 24, p.2]. Contrary to Mr. Loftus' contention – and as clearly stated on ARDC's website – ARDC created Ethics Inquiry Program back in 1995. (https://www.iardc.org/EducationAndOutreach/EthicsInquiryProgram) (last visited on 7/6/22). The program was created to assist attorneys with questions about professional responsibilities, and it provides research assistance and guidance regarding ethics issues and the Illinois Rules of Professional Conduct through "**telephone consultations**." *Id.* (emphasis added). The goal of the program is to help lawyers understand their professional obligations and assist them in resolving related issues. *Id.* The fact that having practiced law for over 10 years Mr. Loftus is not aware of the program- and even denies its existence- speaks volumes.

This case is still in its initial stage, but Mr. Loftus has already demonstrated his propensity and desire to unreasonably multiply the proceedings. The Motion was filed for no purpose other than to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Mr. Loftus should be sanctioned to discourage similar conduct in the future and ensure smooth and speedy resolution of this case.

WHEREFORE, the Plaintiffs respectfully pray that the Court sanction the Defendant and his counsel, Alexander Loftus, and grant the Plaintiffs such other and further relief that the Court deem just and proper.

Date:  July 12, 2022                                              Alexander Kaplin,
                                                                  Bendtrand Global Services S.A.,
                                                                  Runner Runner LLC


                                                                  By: /s/  Gene Hook Jr.
                                                                  Counsel for the Plaintiffs


Law Office of Gene Hook Jr.
401 S LaSalle St., Suite 1600 Q
Chicago, IL 60605
Phone: 773-606-1856
Fax: 312-488-2649

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Plaintiffs' Response to Defendant's Motion to Disqualify and for Sanctions was served upon all counsel of record this 15th day of July, 2022 via Electronic Case Filing ("CM/ECF") System.

                                      /s/ Gene Hook