UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bendtrand Global Services S.A., Runner Runner LLC and Alexander Kaplin | ) ) ) | |
| Plaintiffs | ) ) | Case No. 21-CV-4684 |
| v. | ) ) | |
| Daniel Silvers | ) ) | |
| Defendant | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's order, issued on or about July 27, 2022 the parties, by and through their respective counsel, submit this Joint Status Report and state as follows:

**1.      NATURE OF THE CASE**

A.      Attorneys of Record:

Alexander Loftus, Esq.
LOFTUS & EISENBERG, Ltd.
161 N. Canal St., Suite 1600
Chicago, IL  60601
312-899-6625
*Attorney for Daniel Silvers*

Gene Hook, Jr., Esq.
Law Office of Gene Hook Jr.
401 S. LaSalle St., Suite 1600Q
Chicago, IL  60605
773-606-1856
*Attorney for Bendrand Global Services, S.A., Runner Runner LLC, and Alexander Kaplin*

B.      All parties have been served.

C.      Federal jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. 1332(a), as the case is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.  Plaintiff, Alexander Kaplin is a resident of Florida.  Plaintiff, Runner Runner LLC is a Wyoming limited liability company, with Kaplin being the sole member of the company.  Plaintiff, Bendrand Global Services S.A. is a Panamanian corporation. Defendant, Daniel Silvers is a resident of Illinois.  The amount in controversy is over $1.4 million dollars.

D.      The Plaintiffs asserted that the Plaintiffs and the Defendant agreed that the Defendant

would build a computer code for a functional crypto-currency exchange, and the Plaintiffs would finance the project. Plaintiff alleges that for years the Defendant made false representations to the Plaintiffs regarding the status of the project, and his ability to complete the project, inducing the Plaintiffs to pay Defendant and sponsor his travels. Plaintiff alleges that after the Plaintiffs spent over $1.4 million on the project, they learned that the Defendant did not do any work on the project. In the Complaint, the Plaintiffs claim damages, alleging breach of contract, fraud violation of the Computer Fraud and Abuse Act, and conversion and unjust enrichment. The Plaintiffs will be filing an amended complaint.

The Defendant Answered and counterclaimed for Plaintiffs' failure to pay him as agreed to complete the project.

2. **MANDATORY INITIAL DISCOVERY PILOT PROJECT**

A. The parties confirm that they have read the Standing Order Regarding Mandatory Initial Discovery Pilot Project.

B. The parties have not yet complied with the due date for mandatory initial discovery response and disclosure of electronically stored information. The parties will provide the responses and disclosures by October 31, 2022.

3. **CASE PLAN**

A. The Court recently disposed of several counts of the complaint and Defendants answered the remaining counts. The defendant anticipates fairly narrow discovery leading to motions for summary judgment. The Plaintiff anticipates extensive discovery. The Plaintiff will be filing an amended complaint.

B. <u>Discovery Plan</u>:

(a) the parties do not anticipate any need to limit discovery or need for staged discovery;
(b) the parties will exchange interrogatories, requests to admit and will conduct depositions of witnesses;
(c) the date for completion of fact discovery(except expert discovery) is March 15, 2023 (more than 180 days are required to complete fact discovery, because discovery will involve multiple subpoenas to third parties, and at least 15 keys witnesses many of whom would need to be deposed, and many of whom reside abroad);
(d) discovery will encompass electronically stored information ("ESI"). The parties shall produce discoverable ESI in the form in which the ESI is ordinarily and customarily maintained, or if not reasonably usable in that form, in such other form as is reasonably usable. The parties will produce emails with attachments in such a way as to make clear that attachments and the email are connected. The parties will confer regarding further issues that relate to ESI.
(e) the Plaintiffs will need expert discovery. Rule 26(a)(2) disclosures will be made by May 15, 2023, and expert depositions completed by July 15, 2023. Defendant will
not need an expert witness.
(f) the parties acknowledge that the duty to preserve evidence arose on or about May 1, 2021, when the Defendant received the first demand letter from the Plaintiffs. The parties further agree that the duty to preserve extends to all evidence relevant to the subject matter of this case.
(f) the final date by which the parties may supplement their mandatory initial discovery

2

responses is November 30, 2022;_____

    (g) the parties agree to the following procedures for asserting claims of privilege after production: inadvertent production of privileged information does not waive or otherwise compromise any applicable privilege or preclude the party from asserting privilege claim after production. The party recalling a privileged document shall request in writing the return of destruction of such information and shall, withing ten (10) calendar days of his request, produce a privilege log disclosing all applicable assertions of privilege for the recalled documents. Upon receipt of a written request, the receiving party shall comply with the producing party's request to cease review of the inadvertent production and return or destroy the privileged information, and shall not seek discovery of the documents in the future on the grounds that the privilege has been waived by such inadvertent disclosure.

    (h) the parties must file any dispositive motions by September 30, 2023.

  D. The Plaintiffs requested a jury trial. Estimated length of trial is **seven days**.

  **3.** **SETTLEMENT**

  No Settlement discussions have occurred. The parties do not believe that a settlement conference would be productive at this time.

  **4.** **CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

  A. Counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment. The parties consent to proceed before a magistrate judge for discovery management purposes only.

Date: September 19, 2022

<u>/s/*Gene Hook*</u>
Gene Hook, Jr., Esq.
Law Office of Gene Hook Jr.
401 S. LaSalle St., Suite 1600Q
Chicago, IL 60605
773-606-1856
*Attorney for Bendrand Global Services, S.A., Runner Runner LLC, and Alexander Kaplin*

<u>/s/*Alexander Loftus*</u>
Alexander Loftus, Esq.
LOFTUS & EISENBERG, Ltd.
161 N. Canal St., Suite 1600
Chicago, IL 60601
312-899-6625
*Attorney for Daniel Silvers*