UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bendtrand Global Services S.A., Runner Runner LLC and Alexander Kaplin | ) ) ) | |
| Plaintiffs | ) | Case No. 21-CV-4684 |
| v. | ) ) ) | Honorable Harry D. Leinenweber Judge Presiding |
| Daniel Silvers | ) ) ) | |
| Defendant | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS**

Plaintiffs, Bendtrand Global Services S.A., Runner Runner LLC and Alexander Kaplin, by and through their attorney, Gene Hook Jr., submit this Memorandum in Support of Plaintiffs' Motion to Dismiss Defendant's Counterclaims (the "Motion") and in support thereof state as follows:

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, so that the other party has a "fair notice" of the claim "and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain "sufficient factual matter" to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard "asks for more than a sheer possibility" that a defendant acted unlawfully. *Iqbal*, 556 U.S. at 678.

**I.  Defendant/Counter-Plaintiff did not State a Claim for Breach of Contract**

Elements essential to a cause of action for breach of contract are (1) the existence of a valid and enforceable contract containing both definite and certain terms; (2) performance by the plaintiff; (3) breach of the contract by the defendant; (4) resultant injury to the plaintiff. *Nielsen v. United Serv. Auto. Ass'n*, 244 Ill. App. 3d 658, 662 (2d Dist. 1993); *Mannion v. Stallings & Co.*, 204 Ill. App. 3d 179, 186 (1st Dist.1990); *Harris Trust & Sav. Bank v. Salomon Bros., Inc.*, 832 F. Supp. 1169, 1175–76 (N.D.Ill.1993) (stating that to properly state a cause of action for breach of contract, the complaint must allege *both* the terms of the contract and each element of the alleged breach). Thus, in alleging a breach of contract, a plaintiff's pleadings must allege facts sufficient to indicate the terms of the contract claimed to have been breached. *Nielsen*, at 186.

Here, the Defendant/Counter-plaintiff failed to allege the terms of the contract claimed to have been breached. The Counterclaim's fact section consists of the total of eight sentences. (Countercl., ¶¶ 8-16, [Dkt. #35]. It alleges that the Plaintiffs "engaged [the Defendant] to build the DEX," and that the Plaintiffs paid the Defendant $9,000 per month until March 2021. *Id.* ¶¶ 8, 10. The Counterclaim further alleges that in March, the Defendant was paid $6,000, in April the Defendant was paid $3,000, and that the Defendant was never paid sick leave and vacation. *Id.* ¶¶ 8,10 According to the Counterclaim, the $6,000 payment in March, the $3,000 payment in April and no paid sick leave and vacation was a breach of the agreement by the Plaintiffs. *Id.* ¶¶ 12-15. However, the Defendant makes no allegations as to what terms of the agreement entitled the Defendant to paid sick leave, paid vacation, and a higher payment in March and April. In general, other than the allegation that Plaintiffs "engaged [the Defendant] to build the DEX," no other terms of the agreement were alleged.

2

Notably, as it concerns the Plaintiffs' alleged failure to pay the Defendant sick leave and vacation, the Defendant had previously repeatedly asserted that the case involved a "joint venture" between the Defendant and the Plaintiffs. *See, e.g.*, [Dkt. #11, p. 4]. Under Illinois law, a "joint venture" is defined as an association of two or more persons to carry out a single enterprise for profit. *Lutheran Gen. Hosp., Inc. v. Printing Indus. of Illinois/Indiana Emp. Ben. Tr.*, 24 F. Supp. 2d 846, 850–51 (N.D. Ill. 1998). As such, a joint venture is akin to a partnership. *Id.* An obligation to pay vacation, and sick leave, on the other hand, are generally responsibilities that point toward the existence of an employer/employee, not a partnership, relationship. *Ghosh v. S. Illinois Univ.*, 331 F. Supp. 2d 708, 725 (C.D. Ill. 2004), aff'd by *Ghosh v. Getto*, 146 F. App'x 840 (7th Cir. 2005).

To state a cause of action for a breach of contract, the Defendant should properly allege the terms of the agreement. Absent such allegations, the Defendant's claim for breach of contract should be dismissed.

## II.     Defendant/Counter-Plaintiff did not State a Claim under the Illinois Wage Payment and Collection Act ("IWPCA")

To state a claim under the Illinois Wage Payment and Collection Act ("IWPCA"), a plaintiff must plead that (1) he had an employment agreement with the employer that required the payment of *wages or final compensation* and (2) that the defendant was an employer under the IWPCA. *Watts v. ADDO Mgmt., L.L.C.*, 2018 IL App (1st) 170201, ¶ 14; 820 ILCS 115/2, 3, 5.

As an initial proposition, the IWPCA does not apply to out-of-state employers. *Liaquat Khan v. Van Remmen, Inc.*, 325 Ill. App. 3d 49 (2001); *DeGeer v. Gillis*, 707 F. Supp. 2d 784, 799–800 (N.D. Ill. 2010). All of the Plaintiffs in this case reside out of state, and none of them are citizens of Illinois. (Answer, ¶¶ 1-3 [Dkt. #35]). Kaplin is a citizen of Florida. *Id.* ¶ 1.

Runner Runner is a citizen of Wyoming, and Bendtrand is a citizen of Panama. *Id.* ¶¶ 2-3. These facts were alleged in the Complaint and admitted by the Defendant in his Answer. *Id.* ¶¶ 1-3.

While the claim should be dismissed on this basis alone, the Defendant/Counter-Plaintiff also cannot sue under the IWPCA, because he was not an "employee" withing the meaning of the Act. The purpose of the IWPCA is "to provide employees with a cause of action for the timely and complete payment of earned wages or final compensation, without retaliation from employers." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1050 (7th Cir. 2016). IWPCA imposes wage-related obligations on employers, such as paying employees within certain time periods and prohibiting deductions from wages without an express consent. *Id.* at 1048. IWPCA does not apply where purported employees meet three criteria indicative of being independent contractors. *Id.* at 1050. Specifically, the term "employee" does not encompass any individual (1) who has been free from control and direction over the performance of his work, both under his contract and in fact; (2) who performed work which was either outside the usual course of business or is performed outside all of the places of business of the employer; and (3) who is in an independently established trade, occupation, profession or business. 820 Ill. Comp. Stat. 115/2.

Here, it is clear that the Defendant, a software developer, was in an independently established profession, and was free from control and direction over the performance of his work by Kaplin, who was a trader and had no software development knowledge or expertise. . (Answer, ¶¶ 7-8, 11-12, [Dkt. #35]). The Plaintiffs intended course of business was to operate a DEX, so the software development services were performed outside the Plaintiffs' usual (or in this case intended) course of business.

4

The Defendant alleged no facts that would demonstrate that there was an employee/employer relationship between him and the Plaintiffs. On the contrary, the Defendant has repeatedly asserted that the relationship involved a "joint venture." *See, e.g.*, [Dkt. #11, p. 4]. A "joint venture" is defined as an association of two or more persons to carry out a single enterprise for profit, and it is similar to a partnership. *Lutheran Gen. Hosp., Inc. v. Printing Indus. of Illinois/Indiana Emp. Ben. Tr.*, 24 F. Supp. 2d 846, 850–51 (N.D. Ill. 1998).

Thus, the Defendant/Counter-Plaintiff also cannot state a claim under the IWPCA, because he was not an "employee" withing the meaning of the Act.

Finally, to state a claim under the IWPCA, the plaintiff has to demonstrate that he is owed compensation from the defendant pursuant to an employment agreement that requires the payment of wages or final compensation. *Brown v. Lululemon Athletica, Inc.*, 2011 WL 741254, at *3 (N.D. Ill. 2011). The IWPCA provides no substantive relief beyond what the underlying employment contract requires. *Wharton v. Comcast Corp.*, 912 F. Supp. 2d 655, 658 (N.D. Ill. 2012) ("The IWPCA … does not provide an independent right to payment of wages and benefits; instead, it only enforces the terms of an existing contract or agreement").

The Defendant here did not allege any facts to indicate that there was an employment agreement that required the payment of wages or final compensation.

Based on the above, the Defendant/Counterclaimant's claim under IWPCA should be dismissed.

WHEREFORE, the Plaintiffs, Alexander Kaplin, Bendtrand Global Services S.A., and Runner Runner LLC, pray that this Court grant the Plaintiffs' motion, dismiss the

Defendant/Counter-Plaintiff's Counterclaim and grant the Plaintiffs any other and further relief that the Court deems just and proper.

Date: October 28, 2022  Alexander Kaplin, Bendtrand Global Services S.A., Runner Runner LLC

By: /s/ Gene Hook Jr.
Counsel for the Plaintiffs

Gene Hook
Law Office of Gene Hook Jr.
401 S LaSalle St., Suite 1600 Q
Chicago, IL 60605
Phone: 773-606-1856
Fax: 312-488-2649

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Memorandum in Support of Plaintiffs' Motion to Dismiss Defendant/Counter-Plaintiff's Counterclaims was served upon all counsel of record this 28th day of October, 2022 via Case Management/Electronic Case Filing ("CM/ECF") System.

/s/ Gene Hook