UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bendtrand Global Services S.A., Runner Runner LLC and Alexander Kaplin | ) ) ) | |
| Plaintiffs | ) | Case No. 21-CV-4684 |
| v. | ) ) | Honorable Harry D. Leinenweber Judge Presiding |
| Daniel Silvers | ) ) | |
| Defendant | ) ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

The Plaintiffs, Bendtrand Global Services S.A., Runner Runner LLC and Alexander Kaplin, by and through their attorney, Gene Hook Jr., submit this Memorandum in Support of Plaintiffs' Motion to Strike Defendant's Affirmative Defenses (the "Motion") and in support thereof state as follows:

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) governs motions to strike affirmative defenses. Pursuant to Rule 12(f), the Court can strike any insufficient defense or any redundant, immaterial or impertinent matter. Even though some motions to strike are disfavored because they potentially serve to delay, motions that will remove "unnecessary clutter" from the case are granted, because they serve to expedite, rather than delay. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

In the Northern District of Illinois, when examining sufficiency of affirmative defenses, the courts apply a three-part test to determine whether: (1) the matter pled constitutes an

affirmative defense; (2) the defense is adequately pled under the pleading standards of Federal Rules of Civil Procedure 8 and 9; and (3) the defense is sufficient pursuant to a standard identical to Rule 12(b)(6). *LaSalle Bank Nat'l Assoc v. Paramont Properties*, 588 F.Supp.2d 840, 860 (N.D. Ill. 2008). Since affirmative defenses must meet the pleading requirements of Fed.R.Civ.P. 8(a), the affirmative defenses must set forth a "short and plain statement" of the defense asserted. *Flasza v. TNT Holland Motor Esp., Inc.*, 155 F.R.D. 612, 613-14 (N.D. Ill. 1994). While specific facts are not necessary, unsupported legal conclusions should be stricken. *Id*. at 615.

## ARGUMENT

In this case, all affirmative defenses asserted by the Defendant merely recite the name of defenses. (Answer, [Dkt. #35], p. 18-19). The Defendant pleads no factual grounds, and there is not a slightest hint as to what facts might support these defenses. Detailed allegations are not required, but the Defendant must set forth a short statement of the facts supporting the asserted defenses. *Heller*, 883 F.2d at 1294 (affirming strike of "bare bones" defenses that offered no "short and plain statement of facts" upon which the defenses were based). Here, the Defendant simply included a laundry-list of defenses, without any consideration as to whether they were relevant to the claims in this case. Such practice is improper. Allowing bare bones conclusions "would allow parties simply to bombard their opponent with a laundry list of affirmative defenses without making any individualized inquiry into whether a particular defense actually applies to the facts of the case." *Jones v. UPR Prod., Inc.*, 2015 WL 3463367, at *2 (N.D. Ill. 2015) (citing *Chidester v. Camp Douglas Farmers Co-op.*, 2013 WL 6440510, at *3 (W.D. Wis. 2013). The parties are required to conduct "an inquiry reasonable under the circumstances" before asserting any claim or defense and to determine whether any factual contentions have

evidentiary support or will likely have evidentiary support after an opportunity for further investigation. Fed.R.Civ.P. 11(b). Thus, the Defendant should provide some factual basis for his affirmative defenses, instead of leaving the Plaintiffs clueless as to what they are facing. Since the Defendant has not done so, the affirmative defenses should be stricken.

**I.       First Affirmative Defense of Estoppel should be Stricken**

The defense of equitable estoppel is insufficient because the allegations do not satisfy Rule 8 and Rule 12(b)(6) standards. A party claiming estoppel must allege that: (1) the other person misrepresented or concealed a material facts; (2) the other person knew at the time he or she made the representations that they were untrue; (3) the party claiming estoppel did not know that the representations were untrue when they were made and when they were acted upon; (4) the party claiming estoppel reasonably relied upon the representations in good faith to his or her detriment; and (5) the party claiming estoppel would be prejudiced by his or her reliance on the representations if the other person is permitted to deny the truth thereof. *In re Marriage of Mancine*, 965 N.E.2d 592, 599 (Ill. App. 2012).

Here, the Defendant have only advanced the conclusory statement that "Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel," without alleging any required elements of the defense. (Answer, [Dkt. #35], p. 18). Therefore, the defense of estoppel must be stricken.

**II.      Second Affirmative Defense of Unjust Enrichment should be Stricken**

Unjust enrichment is not an affirmative defense under Illinois law. *Warrior Ins. Grp., Inc. v. Insureon.com, Inc.*, 2000 WL 1898867, at *1 (N.D. Ill. 2000). As such, the second affirmative defense must be stricken.

**III.     Third Affirmative Defense of Failure to State a Claim should be Stricken**

"Failure to state a claim" is legally inadequate because it alleges that the Plaintiffs have failed to state a sufficient claim to merit relief, rephrasing the standard for evaluating a motion to dismiss under Rule 12(b)(6). This type of allegation is not an affirmative defense. *Surface Shields, Inc. v. Poly-Tak Prot. Sys., Inc*., 213 F.R.D. 307, 308 (N.D. Ill. 2003). The proper vehicle to establish a failure to state a claim defense is to raise a Rule 12(b)(6) motion. *Illinois Wholesale Cash Register, Inc. v. PCG Trading, LLC*, 2009 WL 1515290 at *2 (N.D. Ill. 2009) (striking a "failure to state a claim" affirmative defense because "the proper vehicle for a party to establish a failure to state a claim is a Rule 12(b)(6) motion").

In this case, the Defendant have already moved to dismiss under Rule 12(b)(6), and the Court has ruled on the motion, further obviating any need to plead "failure to state a claim" as a defense. If a defense repeats arguments made in a motion to dismiss that have been rejected by the court, the defense should be stricken. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989).

Therefore, the third affirmative defense should be stricken.

**IV.     Fourth Affirmative Defense of Statute of Limitation, Statute of Repose, Doctrine of Waiver, Estoppel and/or Laches should be Stricken**

   **A.  Statute of Limitation and Statue of Repose**

The statute of limitation and statue of repose affirmative defenses do not specify the applicable statutes, the time limits in the statutes, or the manner in which the statutes bar the Plaintiffs' claims. (Answer, [Dkt. #35], p. 18). The allegations are insufficient and do not provide a clue as to how the defenses apply in this case. *Calo v. G.N.P.H. # Nine, Inc.*, 2022 WL 1487401, at *2 (N.D. Ill. 2022).

   **Doctrine of Waiver, Estoppel and/or Laches**

Likewise, waiver, estoppel "and/or" laches are inadequately pled,[1] as there is not a single fact alleged in support of each of the defense. *Id.*

Waiver is a voluntary and intentional relinquishment of a right inconsistent with an intent to enforce that right. *R & B Kapital Dev., LLC v. N. Shore Cmty. Bank & Tr. Co.*, 358 Ill. App. 3d 912, 922 (2005). Parties to a contract have the power to waive provisions placed in the contract for their benefit, and such a waiver may be established by conduct indicating that strict compliance with the contractual provisions will not be required. *Id.* (internal quotations omitted). The party claiming waiver has to demonstrate a clear, unequivocal, and decisive act of its opponent manifesting an intention to waive its rights. *Id.*

Laches consists of two elements: (1) a lack of diligence by the plaintiff in bringing the suit, and (2) prejudice to the defendant resulting from the delay. *Zelazny v. Lyng*, 853 F.2d 540, 541 (7th Cir. 1988).

Defendant failed to apprise the Plaintiffs and this Court of the predicate for each defense and given the nature of the claims in this case, and the timing of filing the Complaint, it is difficult to imagine how these defenses would apply. *Builders Bank v. First Bank & Trust Co.*, 2004 WL 626827 *6 (N.D. Ill. 2004) (stating that the courts consistently strike conclusory defenses of waiver, estoppel and laches).

For these reasons, the fourth affirmative defense should be stricken.

**V.      Fifth Affirmative Defense of Statute of Frauds should be Stricken**

Defendant's fifth affirmative defense states that "Count I is barred by the Statute of Frauds," but again there are no factual allegations explaining how the Illinois Statute of Frauds

---

[1] Estoppel was plead by the Defendant as a first affirmative defense as well. Defendant's failure to properly plead estoppel is addressed in detail in section I above.

bars the Plaintiffs' allegations of a verbal contract between the parties. (Answer, [Dkt. #35], p. 18). The Defendant's defense states only an unsupported conclusion and should be stricken.

## VI. Sixth Affirmative Defense of Intervening Cause should be Stricken

Defendant's sixth affirmative defense states: "Plaintiffs are barred from recovery, in whole or in part, due to the intervening cause of another party," but the Defendant fails to identify what is the "intervening cause" or who is "another party." *Id.*

As such, the defense must be stricken.

## VII. Seventh Affirmative Defense should be Stricken

Similarly, seventh affirmative defense states that the Complaint is barred to the extent the injury alleged was caused by the the Plaintiffs' own conduct. *Id.* There are absolutely no allegations, however, as to what conduct by the Plaintiffs caused their injury.

## VIII. Eight Affirmative Defense should be Stricken

The eight affirmative defense provides a general statement that "Plaintiffs who have sold, destroyed, damaged, altered or otherwise disposed of the technology … are barred from recovery." (Answer, [Dkt. #35], p. 19). Again, the statement is unsupported. There are no allegations as to what was done to the technology. Was the technology "sold," "destroyed," "damaged," "altered" or otherwise disposed of"?

The defense is insufficiently alleged and should be stricken.

## IX. Ninth Affirmative Defense should be Stricken

The ninth affirmative defense states that the Plaintiffs' damages are "solely the result of Kaplin's own actions," including his unwillingness to comply with U.S. regulations. *Id.* However, the Defenant does not allege what "U.S. regulations" Kaplin failed to comply with,

how these "U.S. regulations" are relevant to the allegations in the Complaint and why the alleged failure to comply with these unidintified regulations resulted in damages to Kaplin.

The defense further asserts that damages resulted from Kaplin's terminating the Defendant without pay. *Id.* However, the Complaint alleges that the Defendant agreed to complete his work within 6 months, and has not been able to build anything in three years. (Compl., ¶¶ 38-41, 55-85, [Dkt. #1]). It eventually became apparent to Kaplin that the Defendant's promises were a scam. *Id.* The Defendant provides no allegations in support of his position as to why termination without pay at that point resulted in damages to Kaplin.

**X.      Tenth Affirmative Defense of Unclean Hands and *pari delicto* should be Stricken**

As part of the Defendant's tenth affirmative defense, he asserts that the Plaintiffs claims are barred under the doctrine of unclean hands. (Answer, [Dkt. #35], p. 19). Unclean hands doctrine seeks to prevent a wrongdoer from enjoying the fruits of his transgression, where the transgression is relative to the matter in which he seeks relief. *ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 973 F. Supp. 2d 842, 846 (N.D. Ill. 2014) (citing *Precision Instrument Mfg. Co. v. Auto. Maintenance Mach. Co.*, 324 U.S. 806, 815 (1945)). The Defendant fails to allege what transgression the Plaintiffs are allegedly guilty of that would prevent them from obtaining relief.

Therefore, defense of unclean hands must be stricken.

**XI.      Eleventh Affirmative Defense of Failure to Mitigate Damages should be Stricken**

The eleventh affirmative defense states that "the Plaintiffs' claims are barred due to its [sic] failure to mitigate damages, if any." (Answer, [Dkt. #35], p. 19). Failure to mitigate damages defense – just like all the other defenses here – is "bare bones." *Surface Shields, Inc. v. Poly–Tak Protection Systems, Inc.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003) (striking all "bare

7

bones" defenses, including failure to mitigate damages). It is subject to the same criticism as the other defenses in that it is totally uninformative as to its predicate.

## CONCLUSSION

In conclusion, as part of his Answer, the Defendant recited a laundry list of affirmative defenses, but he plead no facts in support of any of them. Rule 8(a) and the Seventh Circuit agree that a defendant has a duty to allege "the necessary elements" of his defenses in order to conform with the Rules. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989). The Defendant must provide enough facts so that, at a minimum, the plaintiff is put on notice as to which of his actions are complained of. *Cohn v. Taco Bell Corp.*, 1995 WL 247996, at *6 (N. D. Ill. 1995). The Defendant has not done so here, and all the affirmative defenses here are inadequately plead and must be stricken.

WHEREFORE, the Plaintiffs, Alexander Kaplin, Bendtrand Global Services S.A., and Runner Runner LLC, pray that this Court grant the Plaintiffs' motion, strike all the affirmative defenses and grant the Plaintiffs any other and further relief that the Court deems just and proper.

Date: October 28, 2022      Alexander Kaplin, Bendtrand Global Services S.A., Runner Runner LLC

By: /s/ Gene Hook Jr.
Counsel for the Plaintiffs

Gene Hook
Law Office of Gene Hook Jr.
401 S LaSalle St., Suite 1600 Q
Chicago, IL 60605
Phone: 773-606-1856

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Memorandum in Support of Plaintiffs' Motion to Strike Defendant's Affirmative Defenses was served upon all counsel of record this 28th day of October, 2022 via Case Management/Electronic Case Filing ("CM/ECF") System.

/s/ Gene Hook