IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENDTRAND GLOBAL SERVICES S.A., RUNNER LLC and ALEXANDER KAPLIN  Plaintiffs,  v.  DANIEL SILVERS,  Defendant. | Case No: 21-CV-4684 |

**MOTION TO DISMISS AMENDED COMPLAINT**

Defendant, Daniel Silvers through his undersigned counsel, hereby moves to dismiss Plaintiff's Amended Complaint (Doc. 54) pursuant to Fed. R. Civ. P. 12(b)(6).

**I.     INTRODUCTION**

It can be gleaned from the complaint that the parties intended to work together to form a business that would later yield profits, but it never materialized. Defendant supplied labor and Plaintiffs supplied the capital. The parties agreed to work together to build a decentralized crypto-currency exchange ("DEX") which never took off the way Plaintiffs intended it to, nor could it possibly operate in compliance with applicable law. As the Court previously held, these facts do not give rise to fraud and the amendment makes clear the ill-defined business relationship does not give rise to a claim for breach of contract either.

**II.    LEGAL STANDARD**

A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint. For purposes of a motion to dismiss under Rule 12(b)(6), the Court "'accept[s] as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff.'" *Calderon-Ramirez v. McCament,* 877 F.3d 272, 275 (7th Cir. 2017) (*quoting Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's

complaint must allege facts which, when taken as true, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Cochran v. Illinois State Toll Highway Auth*., 828 F.3d 597, 599 (7th Cir. 2016) (*quoting EEOC v. Concentra Health Serv*s., 496 F.3d 773, 776 (7th Cir. 2007)). A motion under Rule 12(b)(6) tests the sufficiency of the complaint under the plausibility standard. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's Amended Complaint includes 5 Counts. (Doc. 54). This Court has already dismissed Count II alleging the identical Fraud claims from Plaintiff's Original Complaint. (Doc. 34 at 12).

### III. THE COMPLAINT FAILS TO STATE ANY PLAUSIBLE CLAIM AND SHOULD BE DISMISSED UNDER RULE 12(b)(6).

#### A. The Complaint Fails to State a Claim for Fraud

The Court previously dismissed the fraud claim with prejudice and Plaintiff did not seek leave to amend in the prior briefing. (Dckt # 34). Little has changed with the amended complaint (Redline of Changes attached hereto as Exhibit "A") and there's no reason to revise the earlier ruling.

This Court held:

> In order to show fraud, Kaplin must plead that Silvers "(i) made a false statement of material fact; (ii) knew or believed the statement to be false; (iii) intended to and, in fact, did induce the plaintiff to reasonably rely and act on the statement; and (iv) caused injury to the plaintiff." Reger Dev., 592 F.3d at 766. Kaplin points to the following three statements as both material and false: Silvers stated to Kaplin that he was coding "day and night;" Silvers stated to Kaplin that the DEX was almost completed, and Silvers stated to Kaplin that Silvers was building a technology that was unique and innovative. (Compl. ¶¶ 132—34.)

Rule 9(b) requires that a plaintiff "state with particularity the circumstances constituting fraud or mistake," meaning "the who, what, when, where, and how: the first paragraph of any newspaper story." *United States ex rel. Hanna v. City of Chicago*, 834 F.3d 775, 779 (7th Cir. 2016) (quotation marks omitted). To meet the Rule 9(b) standard, Plaintiffs must plead each of their claims "at the individual transaction level" and include "the identity of the person making the misrepresentation,

2

the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *United States ex rel. Fowler v. Caremark RX, L.L.C.*, 496 F.3d 730, 742 (7th Cir. 2007). Plaintiffs' complaint comes nowhere close to meeting this high pleading standard. Instead, it broadly pleads that Defendant said he would complete the project and it failed. That does not pass for a fraud claim in the Northern District of Illinois.

"It seems more and more," said a Delaware court, "that breach of contract claims will not suffice to ameliorate the sense of betrayal parties feel when they come out on the losing end of a contractual business relationship." *Cornell Glasgow, LLC v. LA Grange Props., LLC*, No. N11C-05-016 JRS CCLD, 2012 Del. Super. LEXIS 266, at *2-3 (Super. Ct. June 6, 2012). Balefully aggrieved, these parties "feel compelled to punctuate their breach claims with claims that the breaching party committed fraud." *Id*. Such punctuation, however, is allowed only when the "facts and circumstances reveal that something more than failed performance" underpins the alleged fraud. *Id*. at *3. Otherwise, the cry of fraud is simply an unwarranted "escalation" of what should be a "straightforward breach of contract dispute," akin to the bringing of "big sticks to a fist fight." *Id*.; *Cross v. Batterson*, 2017 U.S. Dist. LEXIS 99906, *9-15, 2017 WL 2798398 (N.D. Ill. 2017).

To state a claim for common-law fraud in Illinois, a complaint must allege that the defendant "(i) made a false statement of material fact; (ii) knew or believed the statement to be false; (iii) intended to and, in fact, did induce the plaintiff to reasonably rely and act on the statement; and (iv) caused injury to the plaintiff." *Reger Dev., LLC v. National City Bank*, 592 F.3d 759, 766 (7th Cir. 2010) (*citing Redarowicz v. Ohlendorf*, 92 Ill. 2d 171, 441 N.E.2d 324, 331, 65 Ill. Dec. 411 (Ill. 1982)); accord, *Connick v. Suzuki Motor Co., Ltd*., 174 Ill. 2d 482, 675 N.E.2d 584, 591, 221 Ill. Dec. 389 (Ill. 1996).

Plaintiff fails to plead the basic elements of the claim. Nowhere do Plaintiffs plead facts that Silvers knew his statements about progress on the work were false. *See* (FAC ¶¶ 60-102). All that is pled is that Silvers was working on the project and repeatedly said he was making progress. There are no facts pled that his representations of doing work on the project were false when stated. The failure to plead facts supporting the conclusory statement that the representations about progress of the work is fatal to the claim. The allegations of delays and excuses for delays are not paired with any allegations of harm caused by relying on these representations. This is nothing more than an business partner frustrated by his partners' slow performance and comes nowhere close to stating a claim for fraud.

**B. The Complaint Fails to State a Claim for Breach of Contract.**

The elements of a breach of contract claim are: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *W.W. Vincent and Co. v. First Colony Life Ins. Co*., 814 N.E.2d 960, 967 (Ill. App. 1st Dist. 2004); *nClosures Inc. v. Block and Co., Inc.,* 770 F.3d 598, 601 (7th Cir. 2014) (quoting *TAS Distrib. Co. v. Cummins Engine Co.,* 491 F.3d 625, 631 (7th Cir. 2007)). The Complaint contradicts itself. In this new iteration of the complaint Plaintiffs allege that the parties were to be joint owners in the venture. *See* (FAC ¶ 102 "As a result of Kaplin's frequent complaints about continuous delays, Silvers did agree to reduce his shares in Newco to 25%, and eventually to 12.5%."). The allegations that the parties were joint owners in a venture and shared in the profits and losses of it are directly contradictory to any allegation of a contract to provide services as is alleged elsewhere in the Complaint.

The mixture of some allegations supporting a jointly owned business and one partner allegedly not living up to his obligation and some allegations of an express contract do not line up and are fatal to the claim. There's no clear allegation of consideration anywhere in the Complaint. What's

4

alleged seems as if Silvers was an owner of the venture only if it was successful and liable for the losses if it was unsuccessful. The amendment made this problem of illogical and contradictory even more clear.

"A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 555). Again Plaintiffs provide a smattering of facts about a business relationship followed by a formulaic recitation of elements and it should be dismissed now that it is every clear that even after the benefit of this Court's prior orders and many months to complete discovery that Plaintiff cannot articulate this business relationship in a way to create liability for Silvers for the failed venture.

WHEREFORE, Defendant prays for an order dismissing Plaintiffs' Complaint in its entirety **with prejudice** and awarding such other and further relief as the Court deems just.

Dated April 10, 2023                                   Respectfully submitted,

                                                   **DANIEL SILVERS,**
                                                   Defendant

                                                   By:    /s/*Alexander N. Loftus*
                                                               One of His Attorneys

Alexander Loftus, Esq.
Ross Good, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark St., Suite 1600
Chicago, Illinois 60601
T: 312.899.6625
C: 312.772.5396
alex@loftusandeisenberg.com
ross@loftusandeisenberg.com

## **CERTIFICATE OF SERVICE**

I, Alexander N. Loftus an attorney, hereby certify that on April 10, 2023 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing and via U.S. mail to:

/s/ *Alexander N. Loftus*