IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BENDTRAND GLOBAL SERVICES
S.A., RUNNER RUNNER LLC, and
ALEXANDER KAPLIN,

                Plaintiffs,

          v.

DANIEL SILVERS,

                Defendant.

Case No. 21 C 4684

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

This is a breach of contract suit brought by Plaintiffs, Bentrand Global Services S.A., Runner Runner LLC, and Alexander Kaplin (collectively "Kaplin") against Daniel Silvers ("Silvers"). The Court has previously denied Silvers' Motion to Dismiss. Since then, Silvers has filed his Answer, together with eleven affirmative defenses and a two-count Counterclaim. Kaplin has now moved to dismiss both counts of the Counterclaim [Dkt. No. 40] and to strike the affirmative defenses [Dkt. No. 41].

## I.  BACKGROUND

The Court refers generally to the background laid out in its prior orders in this case. The Complaint and the Counterclaim arise out of a failed attempt to build a

decentralized crypto-currency exchange ("DEX"). Silvers was to build a functional model and Kaplin was to finance the project. Kaplin was also to supply the necessary computer equipment, office space, and other similar expenses. In addition, Kaplin was to pay Silvers $9,000 per month. Whether the payment was a salary (Silvers), or interest free loan (Kaplin) is disputed, as is the intended duration of the contract. Kaplin contends that Silvers promised to have a functional model of the FEX by August 2018, which Silvers denies. However, Silvers does not allege what the proposed delivery date was to be. In any event, after completion of the functional model, the ownership rights were to be transferred to a new company where Kaplin and Silvers were to be equal shareholders.

According to the Complaint, Silvers failed to deliver a workable DEX. The Counterclaim alleges that Kaplin failed to pay the agreed upon sums. The Counterclaim charges Kaplin with breach of contract (Count I) and violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") (Count II). Kaplin has moved to strike the affirmative defenses and to dismiss the Counterclaim.

## II. <u>DISCUSSION</u>

### A. The Motion to Strike the Affirmative Defense

Rule 12(f) of the Federal Rules of Civil Procedure provides for the striking "from a pleading an insufficient defense . . .." Affirmative defenses are pleadings and are subject to the same pleading requirements applicable to complaints and must set forth a "short and plain statement" of the basis for the defense. FED. R. CIV. P. 8(a). Each proposed defense must include direct or inferential allegations as to the elements of the defense. "Bare bones" conclusionary allegations do not suffice. *Reis Robotics USA, Inc. v. Concept Industries, Inc.,* 462 F.Supp. 2d 897, 904 (N.D, Ill. 2015). The courts in this district apply a three-part test to determine the sufficiency of an affirmative defense. *See Surface Shields, Inc. v. Poly-Tak Protection systems, Inc.,* 213 F.R.D. 307 (N.D. Ill 2003). First, is it an appropriate affirmative defense; second, is it adequately pled under Rules 8 and 9; and third, is it pled sufficiently to meet the same standard as required by Rule 12(b)(6) for a complaint. *Id.*

Kaplin argues that Silvers' affirmative defenses are bare bones and therefore should be stricken. Silvers' responds that the Seventh Circuit has said that motions to strike are disfavored and are often used as a means to delay, citing *Heller*

- 3 -

*Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286 (7th Cir. 1989). However, in *Heller Financial,* the Court specifically said that motions to strike can be used to clear up the "clutter" from a case and can serve to expedite rather than delay the case. *Id.* The Seventh Circuit proceeded to affirm the district court's striking what it considered to be "bare bones" affirmative defenses. *Id.*

In this case, Silvers appears to have copied almost the entire list of affirmative defenses set forth in Rule 12(c)(1). A cursory review shows that they are completely bare bones with not a single fact alleged in support.

The only one of the affirmative defenses that might have been able to stand on its own would be the statute of limitations defense. If the complaint shows that the statute has run, it probably does not need further elucidation. However, the statute of limitations for oral contracts is five years. The Complaint alleges that the agreement between Kaplin and Silvers was entered into in 2018. The Complaint was filed in 2021, so the statute could not have run. Accordingly, the Motion to Strike is granted.

**B. Motion to Dismiss the Breach of Contract Counts**

*1. Count I*

In support of his Motion to Dismiss Count 1 of the Counterclaim, Kaplin argues that, while there was a contract

between them, it was a joint venture and not an agreement for employment. He points out that Silvers' counterclaim allegations of the contract consist of a total of nine paragraphs. The contract was "as alleged in Plaintiff's complaint," Kaplin was to pay Silvers $9,000 per month in two installments, and Silvers was entitled to vacation and sick time. Kaplin's complaint sets forth his allegations of contractual terms with Silvers in paragraphs 38 to 48 which do not contain any allegations of entitlement to vacation and sick time.

Kaplin argues that a counterclaim, like a complaint, must contain sufficient factual matter to state a facially plausible claim, citing *Ashcroft v. Iqbal,* 556 U.S.662, 678 (2009), and a claim for breach of contract must allege (1) existence of a contract, (2) performance by the plaintiff, (3) breach by defendant, and (4) injury to plaintiff. *Nielson v. United Service Auto Ass'n,* 244 Ill.App.3d 658, 662 (2nd Dist. 1993). Because Silvers only alleges the specific payments made in two months in 2021 the counterclaim must be dismissed, as not plausible.

However, when the allegations made by Silvers in his counterclaim are added to the allegations regarding the agreement as alleged by Kaplin, a plausible claim emerges. The Complaint alleges, as does the Counterclaim, that Kaplin was to

- 5 -

pay Silers $9,000 per month to construct a functional DEX, but the counterclaim alleges that Kaplin did not do so. Thus, although sketchy, there is a plausible claim that Kaplin breached the agreement by not paying Silvers the $9,000 per month as agreed. This is sufficient to withstand the Motion to Dismiss as to Count I. The Motion to Dismiss Count I is denied.

### 2. Count II

Kaplin asserts a number of bases for dismissing Silvers' IWPCA count. First, he claims that Silvers does not allege the terms of the alleged employment agreement. He cites *Hughes v. Scarlett's G.P., Inc.,* 2016 WL 4179153 (N.D. Ill. 2016), which holds that the IWPCA does not grant an independent right to the payment of wages and benefits, but only enforces the terms of an existing agreement. However, there is a bigger problem with Count II: Silvers has made admissions that his agreement with Kaplin was a joint venture, not an agreement for employment. In Silvers' Motion seeking to disqualify Kaplin's sister, Kaplina, as Kaplin's attorney he filed a supporting affidavit attesting to the fact that the attorney represented both of them "in the business venture at issue in this case" and that "Kaplina worked for me and Kaplin on the joint venture at issue in the Complaint . . .." Such admissions made in verified pleadings constitute judicial admission and cannot be contradicted. *Baker-Wendell,*

- 6 -

*Inc. v. Edward M. Cohen & Associates, Ltd.,* 100 Ill.App.3d 924 (1st Dist. 1981). Also, Silvers' counterclaim alleges in paragraph 8 that "Kaplin . . . engaged Silvers to build the DEX as alleged in [Kaplin's] Complaint." The facts as alleged in Kaplin's Complaint show that Silvers was an independent contractor and not an employee. The Seventh Circuit adopted a five-factor test to determine whether an individual was an employee or an independent contractor. *Knight v. United Farm Bureau Mutual Ins. Co.,* 950 F.2d 377 (7th Cir. 1991). The factors are: (1) the extent of the employer's control and supervision over the worker, (2) the kind of occupation and the nature of the skill required, (3) responsibility for the costs of operation, (4) method and form of payment and benefits, and (5) length of job commitment and/or expectations. *Id.* Here, Silvers admitted Paragraph 11 of Kaplin's Complaint, which stated that "[w]hen Kaplin and Silvers met, Silvers represented that he was a software specialist with extensive experience in building software programs used in trading and analysis of financial products." Thus, the first two of the characteristics of an independent contractor are clearly met. While Kaplin assumed the costs of the project, the payment method, *i.e.,* $9,000 per month and a finite time limit for completion of the project by

- 7 -

August of 2018, likewise, favor a finding of independent contractor.

Silvers argues that there are cases holding that executive employees are covered by the IWCPA, citing *Anderson v. First American Group of Companies, Inc.,* 353 Ill.App.3d 403 (1st Dist. 2004). However, that case involved an executive who signed an actual employment agreement. The court noted that the IWCPA defines employee vey broadly to include any individual permitted to work by an employer in an occupation. However, the Act expressly excludes any individual:

> (1) who has been and will continue to be free from control and direction over the performance of his work, both under his contract of service with his employer and in fact; and

> (2) who performs work which is either outside the usual course of business or is performed outside all of the places of business of the employer unless the employer is in the business of contracting with third parties for their placement of employees; and

> (3) who is in an independently established trade, occupation, profession, or business.

It is apparent that Silvers fits all three. As stated, above Silvers agrees that he represented to Kaplin that he is a software specialist, and his work was to design a DEX while Kaplin's business was trading currency. Silvers was in an independent trade, software design. Thus, he does not qualify

as an employee under the IWPCA. Accordingly, the Motion to Dismiss Count II of the Counterclaim is dismissed with prejudice.

### III. <u>CONCLUSION</u>

For the reasons stated herein, Plaintiffs' Motion to Strike the Affirmative Defenses [Dkt. No. 41] is granted without prejudice. The Motion to Dismiss the Counterclaims [Dkt. No. 40] is denied as to Count I and is granted with prejudice as to Count II.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 9/29/2023

- 9 -