UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bendtrand Global Services S.A., Runner Runner LLC and Alexander Kaplin | ) ) ) | |
| Plaintiffs | ) | Case No. 21-CV-4684 |
| v. | ) ) | Honorable Harry D. Leinenweber Judge Presiding |
| Daniel Silvers | ) ) | |
| Defendant | ) ) | |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S AMENDED AFFIRMATIVE DEFENSES**

The Plaintiffs, Bendtrand Global Services S.A., Runner Runner LLC and Alexander Kaplin, by and through their attorney, Gene Hook, submit this Motion to Strike Defendant's Amended Affirmative Defenses (the "Motion") and in support thereof state as follows:

**INTRODUCTION**

On or about September 29, 2023, the Court issued an order, striking all eleven of the affirmative defenses asserted by the Defendant. (Order, [Dkt. #63], p. 4). In the Order, the Court stated that the Defendant "appears to have copied almost the entire list of affirmative defenses set forth in Rule 12(c)(1). A cursory review shows that they are completely bare bones with not a single fact alleged in support." *Id.*

Without asking for a leave of Court, on or about October 27, 2023, Defendant filed seven amended affirmative defenses. (Aff. Def., [Dkt. #65]. For the most part, the newly filed affirmative defenses are identical to the ones that had been dismissed in that none of them are supported individually. *Id.* This time, the Defendant did include six pages of numbered

1

paragraphs entitled "Facts Common to All Affirmative Defenses." *Id.*, p. 1-6. However, these "facts" are difficult, if not impossible, to understand. It is equally difficult to see how these "facts" support any of the defenses. All affirmative defenses should be stricken with prejudice, as they suffer from the same infirmities as the ones that had been dismissed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) governs motions to strike affirmative defenses. Pursuant to Rule 12(f), the Court can strike any insufficient defense or any redundant, immaterial or impertinent matter. Even though some motions to strike are disfavored because they potentially serve to delay, motions that will remove "unnecessary clutter" from the case are granted, because they serve to expedite, rather than delay. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

In the Northern District of Illinois, when examining sufficiency of affirmative defenses, the courts apply a three-part test to determine whether: (1) the matter pled constitutes an affirmative defense; (2) the defense is adequately pled under the pleading standards of Federal Rules of Civil Procedure 8 and 9; and (3) the defense is sufficient pursuant to a standard identical to Rule 12(b)(6). *LaSalle Bank Nat'l Assoc v. Paramont Properties*, 588 F.Supp.2d 840, 860 (N.D. Ill. 2008). Rule 8(a) and the Seventh Circuit agree that a defendant has a duty to allege "the necessary elements" of his defenses in order to conform with the Rules. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989). The Defendant must provide enough facts so that, at a minimum, the plaintiff is put on notice as to which of his actions are complained of. *Cohn v. Taco Bell Corp.*, 1995 WL 247996, at *6 (N. D. Ill. 1995). Since affirmative defenses must meet the pleading requirements of Fed.R.Civ.P. 8(a), the affirmative

defenses must set forth a "short and plain statement" of the defense asserted. *Flasza v. TNT Holland Motor Esp., Inc.*, 155 F.R.D. 612, 613-14 (N.D. Ill. 1994).

## ARGUMENT

In this case, all affirmative defenses asserted by the Defendant merely recite the name of defenses. (Aff. Def., [Dkt. #65], p. 7). There is a separate section, entitled "Facts Common to All Affirmative Defenses," but the Defendant does not make a slightest attempt to show how these facts support any of the affirmative defenses. Moreover, after reading the section multiple times, the Plaintiffs are unable to decipher the meaning of a single paragraph in it. As such, the "Facts Common to All Affirmative Defenses" section violates Fed.R.Civ.P. 8(a), which requires that affirmative defenses set forth a "short and plain statement" of the defense asserted and Fed.R.Civ.P. 8(d)(1), which requires that each allegation is simple, concise, and direct. "Facts Common to All Affirmative Defenses" section is anything but plain, simple, concise, or direct. On the contrary, it is, for the most part, incomprehensible. Neither the Plaintiffs, nor the Court, should be forced to guess as to what the Defendant is trying to say, or attempt to make sense out of unintelligibility. A pleading "must be presented with intelligibility sufficient for a court or opposing party to understand" it. *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994) (addressing pleading in a complaint). Since "Facts Common to All Affirmative Defenses" section is impossible to understand, it violates Fed.R.Civ.P. 8(a) and Fed.R.Civ.P. 8(d)(1) and must be stricken from the record.

Without the incomprehensible "Facts Common to All Affirmative Defenses" section, the list of the seven affirmative defenses is completely unsupported. *Heller*, 883 F.2d at 1294 (stating that a defendant must set forth a short statement of the facts supporting the asserted defenses). Insufficiency of each affirmative defense is addressed in more detail below.

I. **First Affirmative Defense of Estoppel should be Stricken**

A party claiming estoppel must allege that: (1) the other person misrepresented or concealed a material facts; (2) the other person knew at the time he or she made the representations that they were untrue; (3) the party claiming estoppel did not know that the representations were untrue when they were made and when they were acted upon; (4) the party claiming estoppel reasonably relied upon the representations in good faith to his or her detriment; and (5) the party claiming estoppel would be prejudiced by his or her reliance on the representations if the other person is permitted to deny the truth thereof. *In re Marriage of Mancine*, 965 N.E.2d 592, 599 (Ill. App. 2012).

Here, while the Defendant makes some unclear references to some promises that Kaplin allegedly made and did not keep, these alleged promises cannot be construed as misrepresentations or concealment of material facts. (Aff. Def., [Dkt. #65], ¶¶ 6,14,22). There is no allegation that Kaplin knew the promises were untrue. There is no allegation that the Defendant reasonably relied upon the promises to his detriment, and that the Defendant would be prejudiced by his reliance, if Kaplin is permitted to deny the truth thereof.

Since the required elements of estoppel have not been alleged, the defense should be stricken.

II. **Second Affirmative Defense of Unjust Enrichment should be Stricken**

Unjust enrichment is not an affirmative defense under Illinois law. *Warrior Ins. Grp., Inc. v. Insureon.com, Inc.*, 2000 WL 1898867, at *1 (N.D. Ill. 2000). As such, the second affirmative defense should be stricken.

III. **Third Affirmative Defense of Statute of Frauds should be Stricken**

4

Defendant's third affirmative defense states that "Count I is barred by the Statute of Frauds," but again there are no factual allegations explaining how the Illinois Statute of Frauds bars the Plaintiffs' allegations of a verbal contract between the parties. (Aff. Def., [Dkt. #65], p. 7). The Defendant's defense states only an unsupported conclusion and should be stricken.

## IV. Forth Affirmative Defense should be Stricken

Forth affirmative defense states that the Complaint is barred to the extent the injury alleged was caused by the the Plaintiffs' own conduct. *Id.* But there are no clear allegation as to what conduct by the Plaintiffs caused the injury. As such, the defense should be stricken.

## V. Fifth Affirmative Defense should be Stricken

Fifth affirmative defense provides a general statement that "Plaintiffs who have sold, destroyed, damaged, altered or otherwise disposed of the technology … are barred from recovery." (Aff. Def., [Dkt. #65], p. 7). Again, the statement is unsupported. There are no allegations that the Plaintiffs sold, destroyed, damaged, altered or otherwise disposed of the technology. As such, the defense is insufficiently alleged and should be stricken.

## VI. Affirmative Defense of Unclean Hands should be Stricken

As part of the Defendant's sixth affirmative defense, he asserts that the Plaintiffs claims are barred under the doctrine of unclean hands. (Aff. Def., [Dkt. #65], p. 7). Unclean hands doctrine seeks to prevent a wrongdoer from enjoying the fruits of his transgression, where the transgression is relative to the matter in which he seeks relief. *ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 973 F. Supp. 2d 842, 846 (N.D. Ill. 2014) (citing *Precision Instrument Mfg. Co. v. Auto. Maintenance Mach. Co.*, 324 U.S. 806, 815 (1945)). The Defendant fails to allege what transgression the Plaintiffs are allegedly guilty of that would prevent them from obtaining relief.

Therefore, defense of unclean hands should be stricken.

## VII. Seventh Affirmative Defense of Failure to Mitigate Damages should be Stricken

The seventh affirmative defense states that "the Plaintiffs' claims are barred due to its [sic] failure to mitigate damages, if any." (Aff. Def., [Dkt. #65], p. 7). Failure to mitigate damages defense – just like all the other defenses here – is "bare bones." *Surface Shields, Inc. v. Poly–Tak Protection Systems, Inc.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003) (striking all "bare bones" defenses, including failure to mitigate damages). It is subject to the same criticism as the other defenses in that it is totally uninformative as to its predicate. As such, seventh affirmative defense must be stricken.

## CONCLUSSION

This is Defendant's second attempt to plead affirmative defenses. In his initial pleading, the Defendant appeared "to have copied almost the entire list of affirmative defenses set forth in Rule 12(c)(1) … [without] a single fact alleged in support." (Order, [Dkt. #63], p. 4). This pleading was filed without leave of Court. Further, setting aside an incomprehensible "Facts Common to All Affirmative Defenses" section, the Defendant once again recited a laundry list of affirmative defenses, pleading no facts in support. Defendant's demonstrative lack of care in pleading affirmative defenses should be grounds for dismissing all of them with prejudice. In making the decision, the Court should take into consideration the fact that this is not a *pro-se* Defendant. The Defendant has been represented from the start of the litigation, and as of the date of filing the amended affirmative defenses, there are two counsels of record appearing on Defendant's behalf.

WHEREFORE, the Plaintiffs, Alexander Kaplin, Bendtrand Global Services S.A., and Runner Runner LLC, pray that this Court grant the Plaintiffs' motion, strike all the affirmative defenses with prejudice, and grant the Plaintiffs any other and further relief that the Court deems just and proper.

|  |  |
|---|---|
| Date: November 17, 2023 | Alexander Kaplin, Bendtrand Global Services S.A., Runner Runner LLC |
| | By: /s/ Gene Hook<br>Counsel for the Plaintiffs |

Gene Hook  
Law Office of Gene Hook  
401 S LaSalle St., Suite 1600 Q  
Chicago, IL 60605  
Phone: 773-606-1856

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Motion to Strike Defendant's Amended Affirmative Defenses was served upon all counsel of record this 17th day of November, 2023 via Case Management/Electronic Case Filing ("CM/ECF") System.

/s/ Gene Hook