IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

BENDTRAND GLOBAL SERVICES S.A., )
RUNNER LLC and ALEXANDER KAPLIN, )
)
    Plaintiffs, )
)
v. )   Case No: 21-CV-4684
)
DANIEL SILVERS, )
)
    Defendant. )
)

**RESPONSE TO MOTION TO STRIKE**

Defendant, Daniel Silvers through his undersigned counsel, in response to Plaintiffs' Motion to Strike Affirmative Defenses pursuant to Fed. R. Civ. P. 12(f) states as follows:

**I.    INTRODUCTION**

The law is clear, "except in extraordinary circumstances, motions to strike are generally a pointless exercise for the parties and the court, and 'will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" *Jackson v. Vernon County*, No. 20-cv-917-wmc, 2022 U.S. Dist. LEXIS 77964, at *9 (W.D. Wis. Apr. 29, 2022) *quoting Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991); *See FDIC v. Giannoulias*, 918 F. Supp. 2d 768, 771 (N.D. Ill. 2013) (stating the general rule that a motion to strike should be denied "unless the challenged allegations ... may cause some form of significant prejudice to one or more of the parties") (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed. 2004)).

The instant motion to strike is a make-work exercise for Plaintiff and the Court. Hopefully it can be swiftly disposed of. There is no prejudice created by the seven affirmative defenses factually supported by twenty-six additional factual allegations.

1

## II. LEGAL STANDARD FOR MOTIONS TO STIRKE AFFIRMATIVE DEFENSES.

Federal Rule of Civil Procedure 12(f) provides that, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored because they potentially serve only to delay. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (stating that motions to strike are not favored and "will not be granted unless is appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense" and "are inferable from the pleadings") (collecting cases). Moreover, courts do not generally grant motions to strike unless the defect in the pleading causes prejudice to the party bringing the motion. *Hoffman v. Sumner*, 478 F. Supp. 2d 1024, 1028 (N.D. Ill. 2007).

The Plaintiffs do not complain of prejudice if these defenses are included, and the Court could not find that any prejudice would befall the Plaintiff if they remain in this case at this time. The standard for striking defenses that cause no prejudice is very high. *See Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494 (N.D. Ill. 2011) ("It is only when the defense on its face is patently frivolous or clearly invalid, that Rule 12(f) requires that it be stricken. And that generally occurs only if it appears that the defendant cannot succeed under any set of facts that appear in or which may fairly be inferred from the defendant's pleading"). Once discovery commences, Defendant may very well abandon some of these affirmative defenses or be better able to articulate the contours of certain affirmative defenses for purposes of additional discovery. It is too soon for the Court to make a judgment as to the materiality of any of these affirmative defenses, and it certainly cannot say the inclusion of these defenses at this point is impertinent. *See Lutschg v. Pearl Insurance Group, Ltd. liability Co.*, No. 1:22-cv-01060-JES-JEH, 2022 U.S. Dist. LEXIS 81682, at *4-5 (C.D. Ill. May 5, 2022)

### III. SPECIFIC DEFENSES

#### A. First Affirmative Defense—Equitable Estoppel

Equitable estoppel is defined as "the effect of the person's conduct whereby the person is barred from asserting rights that might otherwise have existed against the other party who, in good faith, relied upon such conduct and has been thereby led to change his or her position for the worse." *Geddes v. Mill Creek Country Club, Inc.*, 196 Ill. 2d 302, 313, 751 N.E.2d 1150, 256 Ill. Dec. 313 (2001). The party claiming equitable estoppel must establish that: "(1) the other person misrepresented or concealed material facts; (2) the other person knew at the time he or she made the representations that they were untrue; (3) the party claiming estoppel did not know that the representations were untrue when they were made and when they were acted upon; (4) the other person intended or reasonably expected that the party claiming estoppel would act upon the representations; (5) the party claiming estoppel reasonably relied upon the representations in good faith to his or her detriment; and (6) the party claiming estoppel would be prejudiced by his or her reliance on the representations if the other person is permitted to deny the truth thereof." *Id*. at 313-14.

The Complaint and counterclaim discuss a failed business relationship with both parties allegedly making promises that were not kept. *See* (Amended Affirmative Defense "AAD" ¶¶ 6, 22) Plaintiffs promised to pay for services and tasks and those promises may have been false at the time made thus supporting this defense. The defense is supplemented with additional facts incorporated detailing the misrepresentations and reliance. This is a short and plain statement sufficient to notify Plaintiff of the defense.

#### B. Third Affirmative Defense—Statute of Frauds

An affirmative defense must "be adequately pled to put a plaintiff on notice of the defense." *Cottle v Falcon Holdings Management, LLC*, 2012 U.S. Dist. LEXIS 10478 at *12 2012 WL

3

266968 (N.D. Ind. Jan. 30, 2012); *Design Basics, LLC v. Windsor Homes, Inc.*, No. 16-51, 2016 U.S. Dist. LEXIS 91910, *8 (N.D. Ind. July 14, 2016) (denying motion to strike affirmative defenses because the affirmative defenses were stated "in short and plain terms" and "sufficiently put [the plaintiff] on notice of the affirmative defenses"); *accord Bielfeldt v. Bourazak*, No. 15-1419, 2016 U.S. Dist. LEXIS 46986, *6 (C.D. Ill. Apr. 7, 2016) ("Federal Rule of Civil Procedure 8 requires for affirmative defenses, at a minimum, fair notice of a party's defense.").

This Court denied a motion to strike in an identical situation in *CDM Media USA, Inc. v. Simms* and held:

> The defenses of which CDM complains here are indeed boilerplate. *See, e.g.*, at 25 ¶¶ 2-3 (asserting that CDM's claims are barred by "applicable statutes of limitations[,] laches, estoppel, release and waiver," and "by the statute of frauds"). At this point, these defenses do not advance the litigation because they do not, as pleaded, provide CDM with any real notice of the factual issues underlying them. On the other hand, there are no real efficiencies to be gained in striking them now, because discovery on these issues would likely be permitted. Since removing the defenses will not advance the case, and as CDM points to no harm in letting them stand, the motion to strike this group of defenses is denied.

*CDM Media USA, Inc. v. Simms*, No. 14 CV 9111, 2015 U.S. Dist. LEXIS 70246, at *6-7 (N.D. Ill. June 1, 2015)

Nothing is gained by striking this defense now. The allegations of the operative pleadings allege a verbal agreement that took over a year to complete. *See* (AAD ¶1-22

740 ILCS 80/1 is controlling here and provides:

> That no action shall be brought, ...upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized.

In this case, there is no question the purported oral agreement was for greater than one year. The Statute of Frauds requires the purported agreement be memorialized and signed by the parties. The writing must contain the terms of the agreement and the parties to it. *Mariani v. School*

4

*Directors of Dist. 40*, 154 Ill. App. 3d 404, 506 N.E.2d 981 (3d Dist. 1987); *Westgate v. Aurora*, 229 Ill. App. 84, 1923 Ill. App. LEXIS 17 (Ill. App. Ct. 1923).).

### C. Fourth Affirmative Defense- Intervening Cause

The Complaint discusses numerous possible intervening actors on the business's failure. This Court explained this well in *Walsh v. Fensler*:

> Finally, these defendants assert the existence of a "superseding or intervening cause" as an affirmative defense to the Secretary's claims. I agree with the Secretary, however, that this defense is not properly pled as an affirmative defense. While the Seventh Circuit has indeed observed that "[i]n technical legal terms the burden of proving an 'intervening cause'—something which snaps the 'causal chain' (that is, operates as a 'superseding cause,' wiping out the defendant's liability...—is on the defendant," *BCS Servs., Inc. v. Heartwood 88*, LLC, 637 F.3d 750, 757 (7th Cir. 2011), that does not transform the issue into an affirmative defense. Rather, as the *BCS Services* court went on to explain, it means that plaintiffs need not prove "a series of negatives," to establish causation, i.e., they need not "positively exclude every other possible cause." *Id.* (citation and alteration removed). **To the extent these defendants contend that superseding or intervening causes, rather than Platt's conduct, proximately caused the losses to the Fund the Secretary identifies, they are free to present evidence and argument in that connection**.

*Walsh v. Fensler*, No. 22 C 1030, 2022 U.S. Dist. LEXIS 140904, at *20-21 (N.D. Ill. Aug. 8, 2022)(emphasis added)

In this case, Silvers details how the project would have failed regardless of because of its illegality and non-compliance with controlling regulations. *See* (AAD ¶ 11, 22). What's more, Kaplin unilaterally terminated staff necessary to complete the work thus creating another alternative cause of the failure. (AAD ¶ 24-25)

### D. Fifth Affirmative Defense—Spoilation

This is a spoilation defense and lays out the facts in support of it. *See QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 696 (S.D. Fla. 2012) (finding 30(b)(6) deposition testimony relevant to the "affirmative defense advocating a spoliation theory"); *Schmidt v. Pentair, Inc.*, No. C08-4589, 2010 U.S. Dist. LEXIS 123053, 2010 WL 4607412, at *1 (N.D. Cal. Nov. 4, 2010) (motion to strike). And, in some jurisdictions, courts have ruled on a plaintiff's motion for summary

judgment on a defendant's affirmative defense of spoliation, again without directly considering whether spoliation is an affirmative defense but rather by discussing spoliation in the context of sanctions and/or adverse inferences. *See, e.g., Constr. Sys., Inc. v. Gen Cas. Co. of Wis.*, Civ. No. 09-3697, 2011 U.S. Dist. LEXIS 92428, 2011 WL 3625066, at *15 (D. Minn. Aug. 17, 2011) (citing *Hoffman v. Ford Motor Co.*, 587 N.W.2d 66, 71 (Minn. Ct. App. 1998) (noting a court may impose sanctions for spoliation based upon the prejudice caused to the opposing party)); *Morris v Mitsubishi Motors N. Am., Inc.*, 782 F. Supp. 2d 1149, 1162 (E.D. Wash. 2011); *Longview Fibre Co v. CSX Transp., Inc.*, 526 F. Supp. 2d 332, 340 (N.D.N.Y. 2007), *ArcelorMittal Indiana Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2017 U.S. Dist. LEXIS 209074, at *5-6 (N.D. Ind. Dec. 20, 2017). Accordingly, it should not be stricken.

### E. Sixth Affirmative Defense—Unclean Hands

Defendant states sufficient allegations to notify Plaintiffs of the Defense. "[U]nclean hands may be reached when 'misconduct' of a party seeking relief 'has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation,' i.e., 'for such violations of conscience as in some measure affect the equitable relations between the parties in respect of something brought before the court.'" *Gilead Scis., Inc. v. Merck & Co.*, 888 F.3d 1231, 1239 (Fed. Cir. 2018); *see also Natera, Inc. v. Genosity Inc.*, No. CV 20-1352, 2022 U.S. Dist. LEXIS 44455, 2022 WL 767602, at *5 (D. Del. Mar. 14, 2022) ("[T]o establish an unclean hands defense, a defendant must show that '(1) a party seeking affirmative relief (2) is guilty of conduct involving fraud, deceit, unconscionability, or bad faith (3) directly related to the matter in issue (4) that injures the other party (5) and affects the balance of equities between the litigants.'" As discussed above Plaintiffs were trying to create an illegal system. One cannot collect damages from the party who refused to engage in the illegal activity.

F.  **Seventh Affirmative Defense—Failure to Mitigate**

This defense is a "short and plain statement" of the defense as required by Rule 8(a). The affirmative defense sufficiently informs Plaintiffs of the issue raised, and it would be unreasonable to expect Defendant to have more detailed information to plead about Plaintiffs' alleged failure to mitigate at this early stage of litigation. *See, e.g., Yash Raj Films (USA), Inc. v. Atlantic Video*, No. 03 C 7069, 2004 U.S. Dist. LEXIS 9739, 2004 WL 1200184, at *4 (N.D. Ill. May 28, 2004). Defendant may be able to prove facts to support this defense. *See, e.g., id*.

The case cited by Plaintiffs in support of striking this defense— *Surface Shields, Inc. v. Poly–Tak Protection Systems, Inc.*, 213 F.R.D. 307, 308 (N.D. Ill. 2003) is distinguishable from this case, as both of that case dealt with long lists of boiler-plate legal doctrines.

In this case that pleading make clear that Plaintiffs did nothing with the work product created. The developers were fired, and Plaintiffs closed up shop. (AAD ¶¶ 24-26). Plaintiffs cannot just take their toys and go home after a split with Defendant. Plaintiffs have a legal duty to at least attempt to mitigate their damages.

## CONCLUSION

WHEREFORE, Defendant prays for an order denying Plaintiffs' Motion to Strike and awarding such other and further relief as the Court deems just.

Dated: May 17, 2024

Respectfully submitted,
**DANIEL SILVERS,**
Defendant

By:   /s/*Alexander N. Loftus*
          One of His Attorneys

Alexander Loftus, Esq.
Ross Good, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark St., Suite 1600
Chicago, Illinois 60601
T: 312.899.6625
alex@loftusandeisenberg.com
ross@loftusandeisenberg.com

7

**CERTIFICATE OF SERVICE**

I, Alexander N. Loftus an attorney, hereby certify that on May 17, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing and via U.S. mail to:

Gene Hook, Esq.
Law Office of Gene Hook Jr.
401 S LaSalle St., Suite 1600 Q
Chicago, IL 60605

/s/ *Alexander N. Loftus*