## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Bendtrand Global Services S.A., Runner Runner LLC and Alexander Kaplin | ) ) ) | |
| Plaintiffs | ) | Case No. 21-CV-4684 |
| v. | ) ) | Honorable Sunil R. Harjani Judge Presiding |
| Daniel Silvers | ) ) | |
| Defendant | ) ) | |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S AMENDED AFFIRMATIVE DEFENSES

The Plaintiffs, Bendtrand Global Services S.A., Runner Runner LLC and Alexander Kaplin, by and through their attorney, Gene Hook, submit Plaintiffs' Reply in Support of Motion to Strike Defendant's Amended Affirmative Defenses (the "Reply") and in support thereof state as follows:

## DEFENDANT'S RESPONSE IS A "COPY-AND-PASTE" OF A PREVIOUSLY FILED DOCUMENT

The Court may be aware that this is Defendant's second attempt at affirmative defenses. The first set of affirmative defenses (the "First Set") was filed on or about September 16, 2022. Dkt. #35. The Plaintiffs filed a motion to strike the First Set (the "First Motion"), the Defendant filed a response (the "First Response"), and the Plaintiffs filed a reply (the "First Reply"). Dkt. #41, #46, #49. The Court granted the motion, striking the First Set of affirmative defenses in its entirety. Dkt. #63.

On or about October 27 2023, the Defendant filed his second set of affirmative defenses ("Second Set"). Dkt. #65. The Plaintiffs filed another motion to strike (the "Current Motion"), and the Defendant filed a response (the "Current Response"). Dkt. #67, #79.

The Current Response is a lightly edited copy-and-paste of the First Response. *Compare*, Dkt. #79 with Dkt. #46. There are a number of issues with the Defendant "recycling" his First Response. To begin with, the Court clearly did not find the First Response convincing when it was filed back in 2022, since the Court granted the First Motion and struck the First Set of affirmative defenses in its entirety. Dkt. #63.

Further, when it was initially filed back in 2022, the First Response was lacking. It contained inaccurate citations, misrepresentations of the facts alleged in the Complaint and Counterclaim, and various bizarre claims. For instance, even though the Court had not issued any rulings with respect to the defenses, the First Response stated: "[p]laintiffs do not complain of prejudice if these defenses are included, and the *Court could not find that any prejudice would befall the Plaintiff if they remain in this case*." Dkt. #46, p. 2 (*emphasis added*). These pitfalls were brought to the Defendant's attention in the First Reply. Dkt. #49, p. 1-2. Yet, the Defendant filed the Current Response, without correcting any of the errors.

Moreover, the Current Response is not responsive to the issues raised in the Current Motion. In the Current Motion, the Plaintiffs argued that the Second Set was factually unsupported. Dkt. #67, p. 3-6. The Plaintiffs noted that while there was a section entitled "Facts Common to All Affirmative Defenses," the Defendant did not show how these facts supported the Second Set. *Id*. The Current Response makes no effort to address the issue.

Worse yet, the Current Response does not even address the Second Set of affirmative defenses accurately, discussing some of the defenses that were alleged as part of the First Set.

*See,* Dkt. #79, p. 5-6, discussing "intervening cause" and "spoilation," even though neither of the defenses were alleged as part of the Second Set.

The Defendant took so little care editing the Current Response that he did not even make appropriate adjustments for procedural posture of the case. Even though discovery has been long completed, the Current Response states: "[o]nce discovery commences, Defendant may very well abandon some of these affirmative defenses or be better able to articulate the contours of certain affirmative defenses for purposes of additional discovery. It is too soon for the Court to make a judgment as to the materiality of any of these affirmative defenses, and it certainly cannot say the inclusion of these defenses at this point is impertinent." Dkt. #79, p. 2.

When on or about May 3, 2024 the Court issued a briefing schedule on the Current Motion, the Court instructed the Defendant to "review their affirmative defenses and determine whether they are indeed classified as affirmative defenses under Illinois law … and if not, voluntarily strike them." Dkt. #76. Instead of proceeding as instructed, the Defendant chose to litigate the issue by means of filing a copy-and-paste version of an old, ill-conceived, and unresponsive to the Current Motion document. Defendant's conduct demonstrates utter lack of respect for the Court and these proceedings, and it results in a waste of the Court and Plaintiffs' resources.

WHEREFORE, the Plaintiffs, Alexander Kaplin, Bendtrand Global Services S.A., and Runner Runner LLC, pray that this Court grant the Plaintiffs' motion, strike all the affirmative defenses with prejudice, and grant the Plaintiffs any other and further relief that the Court deems just and proper.

Date: June 7, 2024                                                  Alexander Kaplin, Bendtrand
                                                                   Global Services S.A., Runner
                                                                   Runner LLC

3

By: /s/ Gene Hook
Counsel for the Plaintiffs

Gene Hook
Law Office of Gene Hook
401 S LaSalle St., Suite 1600 Q
Chicago, IL 60605
Phone: 773-606-1856

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing document was served upon all counsel of record this 7th day of June, 2024 via Case Management/Electronic Case Filing ("CM/ECF") System.


<u>/s/ Gene Hook</u>