**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BENDTRAND GLOBAL SERVICES S.A.,
RUNNER RUNNER LLC, AND
ALEXANDER KAPLIN,

                Plaintiffs,

     v.

DANIEL SILVERS,

                Defendant.

Case No. 21 C 4684

Honorable Sunil R. Harjani

### ORDER

Before the Court is Plaintiffs Bendtrand Global Services S.A., Runner Runner LLC, and Alexander Kaplin's Motion to Strike Defendant Daniel Silver's amended affirmative defenses pursuant to Fed. R. Civ. P. 12(f). For the reasons outlined below, Plaintiffs' motion to strike [67] is granted in part and denied in part.

### Discussion

This diversity jurisdiction case arises out of a failed crypto-currency business venture between Plaintiffs and Defendant. The business venture centered around a project to build a decentralized crypto-currency exchange. After Defendant's original affirmative defenses were stricken for being "completely bare bones with not a single fact alleged in support," he presented his amended affirmative defenses. Doc. [63] at 4; Doc. [65]. The affirmative defenses Defendant raises are: (1) equitable estoppel; (2) unjust enrichment; (3) statute of frauds; (4) intervening cause/contributory negligence; (5) spoliation; (6) unclean hands; and (7) failure to mitigate. Plaintiffs again move to strike Defendant's affirmative defenses based on their lack of factual support. Doc. [67].[1] Because federal courts use the law of the forum state in diversity litigation, and because no party has raised a conflict-of-law argument, Illinois law applies when analyzing the sufficiency of the affirmative defenses. *Spitz v. Proven Winners N. Am., LLC*, 759 F.3d 724, 729 (7th Cir. 2014).

Motions to strike allow the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Yet, motions to strike are generally disfavored because they "potentially serve only to delay" proceedings. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). As such, "[a]ffirmative defenses will be stricken only when they are insufficient on the face of the pleadings." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (cleaned up). "Courts apply a three-part test in examining the sufficiency of affirmative defenses under Rule 12(f): (1) whether the matter is

---

[1] Plaintiffs argue that Defendant's response to the second motion to strike is a "lightly edited copy-and-paste" job of his response to the first motion to strike. Doc. [82]. While portions of the current response are identical to the former response, Defendant does add further detail and clarification in support of his amended affirmative defenses.

properly pled as an affirmative defense; (2) whether the affirmative defense complies with Federal Rules of Civil Procedure 8 and 9; and (3) whether the affirmative defense can withstand a Rule 12(b)(6) challenge." *See Powell v. W. Asset Mgmt., Inc.*, 773 F. Supp. 2d 761, 763 (N.D. Ill. Mar. 24, 2011) (*quoting Rudzinski v. Metro. Life Ins. Co.*, 2007 WL 2973830, at *1 (N.D. Ill. Oct. 4, 2007).

### First Affirmative Defense: Equitable Estoppel

An affirmative defense of equitable estoppel in Illinois requires the party bringing the defense to plead that:

> (1) the other person misrepresented or concealed material facts; (2) the other person knew at the time he or she made the representations that they were untrue; (3) the party claiming estoppel did not know that the representations were untrue when they were made and when they were acted upon; (4) the other person intended or reasonably expected that the party claiming estoppel would act upon the representations; (5) the party claiming estoppel reasonably relied upon the representations in good faith to his or her detriment; and (6) the party claiming estoppel would be prejudiced by his or her reliance on the representations if the other person is permitted to deny the truth thereof.

*W. Bend Mut. Ins. Co. v. Procaccio Painting & Drywall Co.*, 794 F.3d 666, 679 (7th Cir. 2015) (*quoting Geddes v. Mill Creek Country Club, Inc.*, 196 Ill. 2d 302, 313-14 (2001)).

Defendant's affirmative defense alleges that Plaintiffs broke promises concerning the project's regulatory compliance, access to Plaintiff Kaplin's computers, and project funding. Doc. [65] at ¶¶ 9, 14, 22. There are no allegations about misrepresentation or concealment of material facts. Defendant also fails to allege facts that support any other elements of estoppel. Nothing suggests that Plaintiffs knew that the representations they were making were untrue or intended Defendant to act upon them. *See Commonwealth of Pa. Ins. Dep't Bureau of Liquidations & Rehabs. v. Miles*, 1996 WL 172162, at *3 (N.D. Ill. Apr. 10, 1996) (striking estoppel defense where defendants did not allege plaintiffs knew their representations were false).

Because Defendant has not provided the "minimal specifics in its pleading to provide [Plaintiffs] with notice of how and in what way" his equitable estoppel defense arises, it is stricken. *Sloan Valve Co. v. Zurn Indus., Inc.*, 712 F. Supp. 2d 743, 755 (N.D. Ill. May 4, 2010).

### Second Affirmative Defense: Unjust Enrichment

Unjust enrichment is not considered an affirmative defense under Illinois law. *Raquet v. Allstate Corp.*, 348 F. Supp. 3d 775, 787 (N.D. Ill. Nov. 5, 2018); *City of Chicago v. DoorDash, Inc.*, 636 F. Supp. 3d 916, 923 (N.D. Ill. Oct. 21, 2022). Defendant does not respond to this point and waives any arguments. *Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 704 (7th Cir. 2022) ("[P]erfunctory and undeveloped arguments, as well as arguments that are unsupported by pertinent authority, are waived."). Consequently, Defendant's unjust enrichment defense is stricken.

### Third Affirmative Defense: Statute of Frauds

Under the Illinois statute of frauds, no action can be brought "upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or

agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized." 740 ILCS 80/1.

Defendant's third affirmative defense does not include any allegations that the oral agreement was not to be performed within one year. However, Defendant's response to the motion states that "there is no question the purported oral agreement was for greater than one year." Doc. [79] at 4. To strike the statute of frauds defense now would "potentially serve only to delay" proceedings with another amended submission of the affirmative defense. *Heller*, 883 F.2d at 1294. Plaintiffs have, at this point, already been put on notice of Defendant's theory of how the statute of frauds applies. Accordingly, the statute of frauds defense survives.

### Fourth Affirmative Defense: Intervening Cause

Intervening cause is not an affirmative defense, but rather a means of refuting causation. *Glen Flora Dental Ctr., Ltd. v. First Eagle Bank*, 487 F. Supp. 3d 722, 736 (N.D. Ill. Sept. 17, 2020); *Walsh v. Fensler*, 2022 WL 3154182, at *7 (N.D. Ill. Aug. 8, 2022). The arguments Defendant makes about Plaintiffs' actions being the cause of their own economic harm should be raised as a failure to meet the burden of proof. Doc. [79] at 5 (*citing* Doc. [65] at ¶¶ 11, 22, 24-25). Defendant has already denied causation on the claims in which causation is a relevant factor, and he is "free to present evidence and argument" to support this intervening cause contention. Doc. [35] at ¶¶ 128, 142-43; *Walsh*, 2022 WL 3154182, at *7.

Although Defendant's response to the motion labels the fourth defense as intervening cause, the actual language of the affirmative defense, when read in the "light most favorable" to Defendant, can be categorized instead as a comparative negligence defense. *Malibu Media, LLC v. Doe*, 2014 WL 2581168, at *2 (N.D. Ill. June 9, 2014). The comparative negligence defense ("that the negligence of a complaining party contributed in whole or in part to the injury of which he complains" *see* 735 ILCS 5/2-613) closely resembles Defendant's language that Plaintiffs' claims are barred "to the extent any injury sustained by Plaintiff was caused by their own conduct." Doc. [65]. Still, "contract law in Illinois does not recognize 'contributory fault' as an affirmative defense to a breach of contract claim." *Carroll v. ThyssenKrupp Elevator Corp.*, 2023 WL 5431285, at *11 (N.D. Ill. Aug. 23, 2023). Also, the comparative negligence defense does not apply to intentional torts or statutory violations involving intentional conduct. *Glen Flora*, 487 F. Supp. 3d at 736. As such, the comparative negligence defense is also inapplicable to any of Plaintiffs' claims against Defendant and the fourth affirmative defense is stricken.

### Fifth Affirmative Defense: Spoliation

Spoliation "may be the basis for sanctions," but it is not an affirmative defense. *ABC Bus. Forms, Inc. v. Pridamor, Inc.*, 2009 WL 4679477, at *3 (N.D. Ill. Dec. 1, 2009). Defendant argues that other courts have declined to strike spoliation affirmative defenses "without directly considering whether spoliation is an affirmative defense, but rather by discussing spoliation in the context of sanctions and/or adverse inferences." Doc. [79] at 6 (*citing Constr. Sys., Inc. v. Gen. Cas. Co. of Wisconsin*, 2011 WL 3625066, at *15 (D. Minn. Aug. 17, 2011)). The cases cited by Defendant, however, do not assert that spoliation is an affirmative defense and are not binding precedent in the Northern District of Illinois. Defendant's spoliation defense is stricken.

### Sixth Affirmative Defense: Unclean Hands

The doctrine of unclean hands prevents a party from "taking advantage" of its own misconduct relating to the litigation at hand. *Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1064 (N.D. Ill. Aug. 28, 2013). To raise the affirmative defense "[a]t the pleading stage, a defendant merely needs to allege a plaintiff engaged in fraud, unconscionability, or bad faith directed at the defendant, and that the misconduct pertains to the subject matter of the lawsuit and affects the equitable relations between the litigants." *Est. of Darger v. Lerner*, 2023 WL 5277886, at *2 (N.D. Ill. Aug. 16, 2023) (cleaned up).

There are sufficient facts in the affirmative defense to allege bad faith on the part of Kaplin. *See, e.g.*, Doc. [65] at ¶¶ 22-26. Plaintiffs' possible noncompliance with necessary regulations regarding the venture "pertains to the subject matter of the lawsuit." *Darger*, 2023 5277886, at *2. It is also reasonable that the alleged noncompliance would "affect the equitable relations" between Plaintiffs and Defendant, who believed that Plaintiffs would keep the venture in compliance with the law. *Id.*; Doc. [65] at ¶ 9. Likewise, because the alleged conduct significantly altered the nature of the parties' venture, it can be thought of as being directed at Defendant. Enough has been pled regarding Defendant's unclean hands defense to put Plaintiffs on notice of how it arises, therefore the defense survives the motion to strike.

### Seventh Affirmative Defense: Failure to Mitigate

The affirmative defense of failure to mitigate arises when a plaintiff fails to "exercise reasonable diligence and ordinary care in attempting to minimize the damages after injury has been inflicted." *Ner Tamid Congregation of N. Town v. Krivoruchko*, 638 F. Supp. 2d 913, 920 (N.D. Ill. Jul. 7, 2009). Often "courts in this district have routinely allowed" a defendant to pled threadbare "mitigation defenses early in a lawsuit." *In Retail Fund Algonquin Commons, LLC v. Abercrombie & Fitch Stores, Inc.*, 2010 WL 1873725, at *2 (N.D. Ill. May 10, 2010); *see also Ryerson, Inc. v. Federal Ins. Co.*, 2010 WL 3167854, at *3 (N.D. Ill. Aug. 9, 2010); *Pietrzycki v. Heights Tower Serv., Inc.*, 2015 WL 688510, at *4 (N.D. Ill. Feb. 17, 2015). However, when a case is "not at an early stage and some discovery has been taken" Rule 8 obligates a defendant to provide facts to put the plaintiff on notice of the events on which it bases its claim of failure to mitigate damages. *Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp. 1224, 1231 (N.D. Ill. Dec. 23, 1996).

Discovery began in 2022, when parties set a deadline for initial disclosures and written discovery responses of October 31, 2022. Doc. [36]. What followed was motion practice resulting in the Amended Affirmative Defenses and Answer filed October 27, 2023. Doc. [65]. However, seven days before the Amended Affirmative Defenses and Answer, the parties filed a joint status report noting that "[d]iscovery has been completed and closed." Doc. [64]. As discovery closed prior to the filing of the Amended Affirmative Defenses, Defendant was obligated to provide enough "facts to put the plaintiff on notice of the events on which it bases its claim of failure to mitigate damages" *Codest*, 954 F. Supp. at 1230-31. Yet, there are no facts alleged in the affirmative defenses regarding any failure of Plaintiffs to mitigate damages. This defense is stricken.

### Conclusion

For the reasons stated above, Plaintiffs' motion to strike [67] pursuant to Fed. R. Civ. P. 12(f) is granted in part and denied in part. The First, Second, Fourth, Fifth, and Seventh Affirmative Defenses are Stricken. The Third Affirmative Defense of Statute of Frauds and Sixth Affirmative Defense of Unclean Hands remain.

**SO ORDERED.**

Dated: July 29, 2024

_____
Sunil R. Harjani
United States District Judge