UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bendtrand Global Services S.A., Runner Runner LLC and Alexander Kaplin | ) ) ) | |
| Plaintiffs | ) ) | Case No. 21-CV-4684 |
| v. | ) ) | Honorable Sunil R. Harjani Judge Presiding |
| Daniel Silvers | ) ) | |
| Defendant | ) ) ) | |

**PLAINTIFFS' STATUS REPORT**

The Plaintiffs, Bendtrand Global Services S.A., Runner Runner LLC and Alexander Kaplin, by and through their attorney, Gene Hook, submit the Plaintiffs' Status Report (the "Status Report"), pursuant to the Court's order, issued on or about August 15, 2024, and in support thereof state as follows:

I.    **Summary of Plaintiffs' Factual Allegations**

Starting in 2018 Plaintiff Alexander Kaplin ("Kaplin") and Defendant Daniel Silvers ("Silvers" or "Defendant") decided to work together to build a decentralized crypto-currency exchange software (the "DEX"). Silvers believed that a basic and functional model of the DEX could be built within six months. Accordingly, an oral agreement between the parties stipulated that Silvers would work on developing the software and create a functional version of the DEX by August 2018. At that point, the parties would seek additional investors. Kaplin agreed to finance the project in the meantime, paying for the entire necessary computer and other equipment, paying software developers (who would be hired and supervised by the Defendant), paying other contractors hired for the project, paying for the office space and other similar

1

expenses. In addition, Kaplin agreed to advance to Silvers $9,000 per month in the form of an interest-free loan.

The parties further agreed that once a functional version of the DEX was completed, the ownership rights to it would be transferred to a new company, with Kaplin and Silvers becoming equal shareholders in the company. At that point, the parties would seek outside investment to further develop the project.

For the next three years, citing various difficulties and hurdles, Silvers kept representing to Kaplin that a functional version of the DEX was almost finished, and that the technology he was building was unique and cutting-edge. Relying on Silver's false representations, Kaplin continued to pay the agreed-upon expenses (personally and through his companies, Runner Runner and Bendtrand Global Services), spending the total of $1.4 million.

Between March and April 2021, it became apparent that Silvers' continuous representations were abjectly and completely inaccurate, as he had never built anything resembling a functional version of the DEX. Worse yet, Kaplin learned that Silvers had been instructing the hired software developers to work on various other software, unrelated to DEX.

In or about the end of April, 2021, following a number of arguments and confrontations with Kaplin, Silvers cut off Kaplin and the other software developers' access to their email accounts, database containing the code that had been built and all other business records and accounts. Silvers also confiscated a computer from the main software developer and refused to return it. He also retained and refused to return (despite two demands sent to him in writing) computers, flash drives, hard drives, and phones that belonged to Kaplin and his companies.

II. **Plaintiffs' Theories of Liability**

Based on the facts stated above, the Plaintiffs asserted the following causes of action, which all survived Defendant's motion to dismiss: breach of contract, unjust enrichment (as an alternative to the breach of contract), fraud and conversion.[1]

### III. Summary of Evidence Plaintiffs Intend to Introduce in Support of the Motion for Summary Judgment

**A. Breach of Contract**

To show a breach of contract a plaintiff must prove that (1) there was a valid contract; (2) the plaintiff performed all obligations under the contract; (3) defendant failed to perform his obligations; and (4) plaintiff sustained damages. *Lindy Lu LLC v. Ill. Cent. R.R. Co.*, 984 N.E.2d 1171, 1175 (Ill. App. 2013).

**1. There was an oral agreement**

It is undisputed that there was an oral agreement, whereby the Defendant agreed to build a code for a basic version of a DEX. (Answer, [Doc 35] ¶39). The Defendant denies that the agreed upon completion date was August, 2018. He also denies that this deadline was extended numerous times and was eventually set as April 15, 2021.[2]

The Plaintiffs intend to prove the contested facts through sworn testimony of witnesses. There were many individuals hired to work on the project as consultants, art designers and office personnel. These witnesses are willing and able to testify and to produce sworn affidavits for summary judgment purposes. Their testimony will establish that the initial deadline for completion of the project was the end of August, 2018. The testimony will further show that the

---

[1] The Plaintiffs also asserted a cause of action under Computer Fraud and Abuse Act. The discussion of the claim is omitted from this Status Report, because the Plaintiffs are still assessing what evidence is available to support the claim, and the damages under the claim are nominal.

[2] As part of his answer to an interrogatory, the Defendant stated that "completing the project within one year or even six months was impractical and unrealistic. This information was communicated to Kaplin, and he was well aware of the project's timeline limitations from the beginning." Notably, however, the Defendant never stated what - according to him – was the "project's timeline."

3

deadline was extended repeatedly based on the Defendant's repeated assertions and eventually set as April 15, 2021. These individuals include: George Chikovani, Andreas Typaldos, Svetlana Kaplina, Amy Rodriquez, Daniela Giordano, and Maribel El Zakhem De Barragan. All the witnesses have been duly disclosed as part of the initial disclosures.

### 2. Plaintiff fully performed his obligations

It is undisputed that, according to the parties' agreement, Kaplin was obligated to purchase all the necessary computer equipment, pay compensation of the software developers and other contractorshired for the project, pay for the rental of the office space and other similar expenses, and pay Defendant $9,000 per month.(Answer, [Doc 35] ¶¶42,43). It is further undisputed that Kaplin (personally and through his companies) paid for all the expenses, as agreed.*Id* at ¶ 54.

While the Defendant does not dispute that he was receiving $9,000 per month until April, 2021, the Defendant contends that the payments were his salary (and not an interest free loan) since, according to the Defendant, he was an employee of Runner Runner. The position is unavailing, and this Court has already ruled that the Defendant had made a judicial admission that his agreement with Kaplin was a joint venture, not an agreement for employment. (Order, [Doc63], p. 6). In addition, irrespective of whether the payments are viewed as a loan or compensation, there is no dispute that Kaplin performed his obligations by making the payments through March, 2021, when he discovered that the Defendant utterly failed to perform his part of the bargain.

According to the Defendant, Kaplin had some additional obligations, which he did not perform.Specifically, according to the Defendant, "Kaplin did not fulfill the necessary requirements to comply with U.S. regulations for the decentralized exchange and crypto-wallet."

4

[Doc 65], ¶22. This allegation is unavailing. The Plaintiff intends to use sworn testimony of the software developers, who were hired for the project and worked under the Defendant's supervision. The testimony of the developers will show that nothing remotely resembling a DEX was ever built. The testimony will further show that some code for a crypto wallet was built, but the crypto wallet was never completed. Since neither the DEX, nor crypto wallet, was ever built, there were not regulations to comply with. Software developers, who are willing and able to testify, include Marco Antonio Barragán Key, Veer Panchal, Itzvan Mastino, and Jecsham Vicente Castillo Vargas. All individuals have been duly disclosed as witnesses as part of the initial disclosures.

Furthermore, to demonstrate that the Plaintiffs fully intended to comply with all relevant laws, Svetlana Kaplina, an attorney, will testify that in or about February, 2021 she was retained by Kaplin to conduct a legal review to determine what laws the Plaintiffs would need to comply with once a functional version of the DEX was completed. Ms. Kaplina's testimony will show that when she attempted to work with the Defendant to understand what technology had been built, the Defendant was evasive, provided irrelevant information, and it soon became apparent that the Defendant did not build any code for the DEX. Ms. Kaplina will testify that, once it became apparent to her that the Defendant was a fraud, she informed the Plaintiffs accordingly.

**3. Defendant failed to build anything resembling a functional version of the DEX**

The Plaintiff intends to prove Defendant's failure to perform through sworn testimony of other software developers who were hired to work on the project under the Defendant's supervision. The developers are willing and able to testify and to produce sworn affidavits for summary judgment purposes. Their testimony will establish that the Defendant himself did not do any coding but was only supervising and providing instruction to the developers. The

5

testimony will further establish that some developers were working on a blockchain code, but the blockchain code was never completed, and as late as April, 2021, the blockchain was still not connecting properly. The testimony will further show that some code for a crypto wallet was built, but the crypto wallet was never completed and was never operational. The testimony will clearly show that nothing remotely resembling a DEX was ever built.The developers will testify that instead of working on the code for the DEX, the Defendant instructed them to work on a code for other software that was completely unrelated to DEX, including educational and ping-pong-related software.[3] Software developers, who are willing and able to testify, include Marco Antonio Barragán Key, Veer Panchal, Itzvan Mastino, and Jecsham Vicente Castillo Vargas. All individuals have been duly disclosed as witnesses as part of the initial disclosures.

    4.  Damages

Kaplin will offer his own testimony and financial records to show that he has spent over $1.4 million performing his payment obligations under the oral agreement with the Defendant.

  **B. Unjust Enrichment (as an Alternative to Breach of Contract)**

To show unjust enrichment a plaintiff must demonstrate that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience. *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 160 (Ill. 1989).

It is undisputed that from the beginning of the project and until March, 2021, the Defendant was receiving $9,000 per month. (Counterclaim., [Doc 35], ¶¶ 19, 21-22). Based on the testimony of the software developers, as stated above, the Plaintiffs will prove that the Defendant did not produce anything in return. Furthermore, the software developers will testify

---

[3] Kaplin will testify that he never authorized any such software, and he never agreed for any resources to be spent on any such software.

that instead of working on the code for the DEX, the Defendant instructed them to work on a code for other software that was completely unrelated to the DEX, including educational and ping-pong-related software. This will show that the Defendant used the Plaintiffs' resources to build software for his own personal benefit. Defendant's retention of the funds he received, as well as the software he had built for himself, using Plaintiffs' resources, violates the fundamental principles of justice and equity.

### C. Fraud

To show fraud, a plaintiff must show that the defendant (1) made a statement of material fact, which he knew to be false; (2) the statement was intended to and, in fact, did induce the plaintiff to reasonably rely and act on the statement; and (3) caused injury to the plaintiff. *LaScola v. U.S. Sprint Communications*, 946 F.2d 559, 568 (7th Cir. 1991).

The Plaintiff intend to rely on testimony of witnesses to prove that over the course of three years, the Defendant kept representing that he was working day and night on building the code for the DEX, that the code he was working on was unique and cutting-edge, and that theDEX was close to being completed. The witnesses who are willing and able to testify to support the claim include George Chikovani, Andreas Typaldos, Svetlana Kaplina, Maryan Yakubovsky, and Yulya Latkova. All individuals have been duly disclosed as witnesses as part of the initial disclosures.

The software developers who were hired to work on the project under the Defendant's supervision will testify that the Defendant's representations were false. Their testimony will establish that the Defendant did not do any coding at all. Their testimony will further establish that nothing remotely resembling a DEX was ever built.

The Plaintiffs' reliance and damages will be demonstrated by Kaplin's testimony and financial records.

### D. Conversion

To show conversion plaintiff must show (1) an unauthorized and wrongful assumption of control, dominion, or ownership by a person over the property of another; (2) plaintiff's right in the property; and (3) a demand. *Eggert v. Weisz*, 839 F.2d 1261, 1264 (7th Cir. 1988).

The Defendant has admitted that the Plaintiffs paid for all the expenses related to the project, including purchase of computer and other equipment. (Answer, [Doc 35] ¶ 54). As such, the Defendant has admitted the Plaintiffs' right to computer equipment.

To demonstrate demand, the Plaintiffs will introduce copies of two letters that were sent to the Defendant on May 1st and May 17th, 2021.

Based on the foregoing, the Plaintiffs believe a motion for summary judgment would be appropriate at this time.

Date: August 29,2024                                     Alexander Kaplin, Bendtrand
                                                                                                                                 Global Services S.A., Runner
                                                                                                                                  Runner LLC


                                                                                                                                  By: /s/ Gene Hook
                                                                                                                                  Counsel for the Plaintiffs

Gene Hook
Law Office of Gene Hook
401 S LaSalle St., Suite 1600 Q
Chicago, IL 60605
Phone: 773-606-1856

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Status Report was served upon all counsel of record this 29th day of October, 2024 via Case Management/Electronic Case Filing ("CM/ECF") System.

/s/ Gene Hook