UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bendtrand Global Services S.A., Runner Runner LLC and Alexander Kaplin | ) ) ) | |
| Plaintiffs | ) | Case No. 21-CV-4684 |
| v. | ) ) | Honorable Sunil R. Harjani Judge Presiding |
| Daniel Silvers | ) ) | |
| Defendant | ) ) | |

**PLAINTIFFS' MOTION TO STRIKE AND EXCLUDE AFFIDAVIT OF DEFENDANT**

The Plaintiffs, Bendtrand Global Services S.A., Runner Runner LLC and Alexander Kaplin (collectively, the "Plaintiffs"), by and through their attorney, Gene Hook, submit this Motion to Strike and Exclude Affidavit of Defendant (the "Motion") and in support thereof state as follows:

In support of its Response to the Plaintiffs' Motion for Summary Judgment, the Defendant submitted his Affidavit (the "Affidavit"). However, the Affidavit fails to meet the fundamental requirements of Federal Rule of Civil Procedure 56(c)(4) and should be stricken for the reasons set forth below:

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) allows a party to move to strike from any pleading any matter that is redundant, immaterial, impertinent, or scandalous. Fed. R. Civ. P. 12(f). While Rule 12(f) typically applies to pleadings, courts have also applied it to affidavits as well. *See, e.g., Est. of Hardy By Grossman v. Hardy*, 1992 WL 345059 (N.D. Ill. 1992).

1

Rule 56(c)(4) mandates that affidavits submitted in opposition to a motion for summary judgment are based on personal knowledge, contain facts that would be admissible in evidence, and demonstrate that the affiant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4). Under Rule 402 of the Federal Rules of Evidence, irrelevant evidence is inadmissible. Fed. R. Evid. 402.

## ARGUMENT

The Affidavit submitted by the Defendant fails to meet even the most basic requirements of Rule 56(c)(4). In fact, it is virtually impossible to identify a single paragraph that complies with the mandate that affidavits be based on personal knowledge, set forth facts that would be admissible in evidence, and demonstrate the affiant's competence to testify.

To begin with, the Affidavit is riddled with irrelevant and extraneous information, much of which has no bearing whatsoever on the issues at hand. It contains disjointed recitations of unrelated events (Silvers Aff., ¶¶ 5-17, 31-59, 62, 72, 109-110) and lawsuits, which are entirely unrelated to this litigation. *Id*. ¶¶ 24, 74, 93, 100. It devolves into muddled and incoherent accounts of alleged verbal agreements that were never raised in the pleadings. *Id*. ¶¶ 21, 22, 64, 68-70. These unfocused narratives are compounded by bizarre, unfounded attacks and unsubstantiated accusations. *Id*. ¶¶ 30, 91, 94-97. Among other things, the Defendant asserts that various disclosures were not made to him. *Id*. ¶¶ 20, 23, 25-29, 75-76, 92, 101-102 However, the pleadings do not address these matters, nor has the Defendant provided any justification for his entitlement to such disclosures.

Furthermore, the Affidavit includes inflammatory claims that serve only to heighten the chaos. Among these are allegations of credit card fraud, criminal associations, and undisclosed payments for legal defense against the Ukrainian government. *Id*. ¶¶ 78, 127, 131.

None of irrelevant material in the Affidavit is based on personal knowledge, as required by Rule 56(c)(4), but instead appears to stem from hearsay, speculation, and in many instances, from nothing but Defendant's imagination.

Further, rather than adhering to its purpose as a factual affidavit, the Affidavit attempts to discredit the Plaintiffs' witnesses by labeling their statements as misrepresentations or falsehoods, without providing any valid support for such accusations. *See., e.g., Id*. ¶¶ 98, 112, 120, 122. This improper tactic, while undermining the Defendant's own credibility, does not effectively challenge the veracity of the Plaintiffs' evidence, which stands unrefuted.

The Affidavit further suffers from the inclusion of numerous legal conclusions, which are improper for this type of document. *See., e.g., Id*. ¶¶ 133, 135, 152, 154, 156.

## CONCLUSION

As noted above, the Affidavit is saturated with irrelevant and extraneous details, clearly intended to confuse and overwhelm the Court. By inundating the Court with unnecessary information, the Defendant seeks to make the issues appear so convoluted and complex that the Court will defer them to trial rather than resolving them at the summary judgment stage. This strategy should not prevail. The issues presented in the Plaintiffs' Motion for Summary Judgment, along with the Reply filed concurrently, are clear, straightforward, and can be resolved based on the evidence already submitted. The Defendant's blatant disregard for the requirements of Rule 56(c)(4), coupled with his attempt to flood the Court with disorganized, irrelevant, and inflammatory material, undermines the integrity of these proceedings and demonstrates a disregard for the judicial process. The Court should not tolerate such conduct and should ensure these tactics are not allowed to go unaddressed.

**WHEREFORE**, the Plaintiffs respectfully request that the Court strike and exclude the affidavit pursuant to Federal Rule of Civil Procedure 12(f) and Federal Rule of Civil Procedure 56(c)(4), find that the Affidavit was submitted in bad faith and order the Defendant to pay Plaintiffs' reasonable expenses, including attorney's fees, pursuant to Federal Rule of Civil Procedure 56(h), and award Plaintiffs any other appropriate relief as the Court deems just and proper.

Date: January 21, 2025                                  Alexander Kaplin, Bendtrand
                                                                                    Global Services S.A., Runner
                                                                                    Runner LLC

                                                                             By: /s/ Gene Hook
                                                                                   Counsel for the Plaintiffs

Gene Hook
Law Office of Gene Hook
401 S LaSalle St., Suite 1600 Q
Chicago, IL 60605
Phone: 773-606-1856

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion was served upon all counsel of record this 21st day of January, 2025 via Case Management/Electronic Case Filing ("CM/ECF") System.

                                                                                    /s/ Gene Hook