UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bendtrand Global Services S.A., Runner Runner LLC and Alexander Kaplin | ) ) ) | |
| Plaintiffs | ) | Case No. 21-CV-4684 |
| v. | ) ) | Honorable Sunil R. Harjani Judge Presiding |
| Daniel Silvers | ) ) | |
| Defendant | ) ) | |

**PLAINTIFFS' MOTION TO EXCLUDE EXHIBITS SUBMITTED IN SUPPORT OF RESPONSE TO SUMMARY JUDGMENT MOTION**

The Plaintiffs, Bendtrand Global Services S.A., Runner Runner LLC and Alexander Kaplin (collectively, the "Plaintiffs"), by and through their attorney, Gene Hook, submit this Motion to Exclude Exhibits Submitted in Support of Response to Summary Judgment Motion and in support thereof state as follows:

As outlined in Plaintiffs' separate Motion to Strike Defendant's Affidavit, filed concurrently with this Motion, Defendant's Affidavit (the "Affidavit") contains multiple deficiencies that render it inadmissible and warrant its striking from the record. Similar deficiencies are present in the documents attached to the Affidavit as Exhibits 1-3 (collectively, the "Exhibits"). For the reasons outlined below, the Exhibits should be excluded:

1. The Exhibits, presented in a disorganized and chaotic manner, are wholly irrelevant to the issues at hand. They include records from lawsuits unrelated to this case, which have no bearing on the claims or defenses raised herein. Other documents contained in the Exhibits are unidentified, lack any clear connection to the issues in this case, and fail to provide any support for the Defendant's position. These irrelevant documents are an

1

improper attempt to insert extraneous matters into the record that are not material to the summary judgment proceeding. Pursuant to Rule 402 of the Federal Rules of Evidence, irrelevant evidence is inadmissible and should be excluded from the record. Fed. R. Evid. 402.

2. Furthermore, none of the documents in the Exhibits have been properly authenticated. Under Rule 901 of the Federal Rules of Evidence, documents must be properly authenticated before they can be considered by the Court. Fed. R. Evid. 901(a). The Exhibits here have not been accompanied by a declaration of authenticity or any sworn testimony to establish their origin, authorship, or accuracy. The Defendant has failed to provide the requisite foundation for these documents, and as such, they cannot be relied upon in this matter.

3. Lastly, the Exhibits were not produced during discovery. Rule 37 of the Federal Rules of Civil Procedure mandates that parties disclose evidence during discovery. Since these documents were not disclosed or made available to the Plaintiffs during the discovery process, they are improperly submitted at this stage and should be excluded from consideration. Fed. R. Civ. P. 37(c)(1).

For the reasons stated above and as further detailed in Plaintiffs' Motion to Strike the Affidavit, Plaintiffs respectfully request that the Court exclude the Exhibits from consideration in connection with the Plaintiffs Motion for Summary Judgment.

**WHEREFORE**, the Plaintiffs respectfully request that the Court grant the Motion, exclude the Exhibits from the record, and award any other appropriate relief as the Court deems just and proper.

Date:  January 21, 2025                                Alexander Kaplin, Bendtrand
                                                       Global Services S.A., Runner
                                                       Runner LLC


                                                       By: /s/  Gene Hook
                                                       Counsel for the Plaintiffs


Gene Hook
Law Office of Gene Hook
401 S LaSalle St., Suite 1600 Q
Chicago, IL 60605
Phone: 773-606-1856




## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion was served upon all counsel of record this 21st day of January, 2025 via Case Management/Electronic Case Filing ("CM/ECF") System.



                                                       /s/ Gene Hook